### FLEMING'S HEIRS *et al.* v. HUTCHINSON.

1. **Judicial sale:** FRAUD IN COMBINATION BETWEEN PURCHASERS. Combination between the purchaser at a judicial sale and other bidders, to prevent competition, will vitiate the sale.

2. **Judgment:** ON SERVICE BY PUBLICATION: RES ADJUDICATA. Proceedings, judgment and sale in partition were had on service by publication. Defendants appeared within two years and moved to have the judgment and sale set aside, alleging, as one cause therefor, fraud on the part of the purchaser in the sale; and the court allowed a retrial of the cause and affirmed its former judgment. *Held,* in a subsequent proceeding in equity to set aside the sale for fraud, that plaintiffs were not concluded thereon by the judgment in the proceeding for retrial, for the reason that defendant, having been served by publication only, was entitled to a retrial under the statute (Rev., § 3160) independent of the charge of fraud.

*Appeal from Dallas District Court.*

MONDAY, JUNE 9.

THE petition states, in substance, that the plaintiffs and defendant are the heirs at law of Bennett Hutchinson, who died March 23, 1868, seized of 456 acres of land in Dallas county, Iowa; that in May, 1868, the defendant with O. D. Smalley were appointed administrators of, and administered upon, the estate of the deceased; that on the 31st day of August, 1868, the defendant commenced an action for partition of said real property, in the district court of Dallas county, against the plaintiffs herein, who resided mainly in the State of Pennsylvania; that no personal service of notice of said

action was served upon any of them; that the notice by publication was irregular, defective and void; that none of the plaintiffs had any notice of the pendency of said action or appeared therein; that without jurisdiction of plaintiffs a judgment settling the respective interests of the parties was rendered and partition ordered on the 6th day of October, 1868; that at the same term the referees reported that partition could not be made advantageously to the respective heirs, whereupon a sale was ordered which was made on the 28th day of November following, the defendant, Joseph Hutchinson, becoming the purchaser of the 456 acres of land in Dallas county, at $14.25 per acre; the lot in Knoxville being sold to one of the referees, and the lots in Madrid, to the attorney of the plaintiff in the partition suit; that said sale was confirmed and final judgment rendered thereon at the February term of the court in 1869.

The petition alleges further that the judgments and proceedings in partition are void for want of legal service of notice, and that the partition and sale and the final judgment of confirmation thereof is void because of corrupt and unlawful means used by the defendant, Joseph Hutchinson, at the sale, in preventing competition among bidders, whereby he was enabled to purchase the land for much less than the real value thereof. It is further charged that the defendant designedly procured the proceedings of partition to be carried on and concluded with haste and to be kept secret from the plaintiffs, for the purpose of possessing himself of said land at a price much below its value.

The petition also avers that two years have not yet elapsed since the judgment of confirmation of the partition sale, and they ask a rehearing of the partition proceedings. It is also stated that four of the plaintiffs, namely, John and Ira Hutchinson, and Elizabeth and Joseph Van Kirk, learning, in the fall of 1869, that the referee's sale in said proceedings was contrary to law, made their several motions to set the same aside, for some of the reasons stated in the petition; that said motions were overruled from a misappre-

hension of the law and the facts, but no appeal taken therefrom "for the reason that if said motions should prevail it would not benefit said plaintiff, because the judgment of partition itself was void for want of jurisdiction of the parties".(a fact which they did not know when the motions were made), and would not prevent others of the heirs from applying to the court to set aside the proceedings.

It is alleged that the defendant has been in possession of the land since the fall of 1868, and is chargeable with rents and profits, for which they claim he should account.

The prayer of the petition asks that the whole proceedings in partition and the sales be set aside and a re-partition had.

The answer of the defendant admits the proceedings and sale in partition as alleged, but denies all the alleged irregularities and defects in the service of notice, and denies all the allegations of fraud, and alleging that the plaintiffs made their motions to set aside said partition sale for the reasons set out in the petition, which were overruled and judgment rendered thereon which, it is alleged, estops them from maintaining this action. The answer also alleges that the plaintiffs have received their distributive shares of said estate after said sale and have thereby waived all irregularities therein.

The cause was tried at the March term, 1872, when a decree was rendered declaring the proceedings in partition as to all, the plaintiffs except John Hutchinson, Ira Hutchinson, Elizabeth and Joseph Vankirk, null and void, and the same was set aside, from which the defendant appeals. The former proceedings were confirmed as to John and Ira Hutchinson and Elizabeth and Joseph Vankirk, from which they appeal.

*Lowe & Hornish* for the plaintiffs.

*Bancroft, Given & Hammond* and *Gatch & Wright* for the defendant.

MILLER, J.— The plaintiffs attack the validity of the proceedings of partition of the real estate of Bennett Hutchinson,

deceased, of whom they claim to be heirs at law. It is claimed that these proceedings are null and void as to the plaintiffs for the reason, among others, that the Dallas county land was purchased by the defendant at the referee's sale at a price from $5 to $10 less than its fair market value, which purchase was effected by means of corrupt and fraudulent practices of the defendant, whereby he prevented competition among other persons attending said sale for the purpose of bidding thereon; that one E. R. Frush attended said sale for the purpose of purchasing said land and bidding therefor as high as $18 or $20 per acre; that the plaintiff learning this fact made a private arrangement with Frush that if he would not bid against him, that he, defendant, would take him in as a joint purchaser, and afterward buy out or pay him, Frush, the value of his interest, which said defendant did, paying said Frush some $390, more or less, for his interest in said purchase; also that one Dayton attended the sale with the view of bidding some $18 or $20 an acre for said land; that Frush who had then become jointly interested with the defendant in said purchase and with his consent, agreed to and did pay said Dayton $50, not to bid at the sale; that defendant well knew that $14.25 per acre was not near the value of the land; that when Bennet Hutchinson died, the defendant, then residing in Pennsylvania and in the same neighborhood of the plaintiffs, received the first news of said death, but concealed the fact from plaintiffs for several weeks and until he was about to start to Iowa; that he afterward returned to Pennsylvania and was there during the pendency of the proceedings for partition, and willfully concealed the same from the plaintiffs, knowing them to be entirely ignorant thereof.

The evidence upon this branch of the case is somewhat conflicting, but, in our opinion, it very satisfactorily establishes the foregoing allegations of fraud and imposition practiced by the defendant. It shows that he and the other heirs of his deceased brother resided in the State of Pennsylvania, and practically in the same neighborhood; that he carefully concealed from them all knowledge of the pendency of the parti-

tion proceedings; that he attended the sale and made the fraudulent arrangements charged in the petition to prevent competition in bidding, whereby the land was sold to him much below its fair market value. The sale, therefore, and its confirmation by the court must be held to be void. When the purchaser of lands at a public sale of this character thus combines with others to prevent free competition between bidders, and accomplishes this purpose, thereby obtaining the property for less than its value, the sale will be vitiated because of such fraudulent acts, when established by evidence. *Morton* v. *Hinkle*, 20 Miss. 290; *Martin* v. *Raulett*, 5 Rich. 541; *Fuller* v. *Abrahams*, 6 Moores 316; 3 Brod. & Bing. 116. See, also, *De Louis* v. *Meek*, 2 G. Greene, 55; *Jackson* v. *Brown*, 3 Johns. 469; *Kerwer* v. *Allen*, 31 Iowa, 578.

II. The answer of defendant alleges that "after the proceedings in partition, and the sale and conveyance of the land to defendant in pursuance thereof, and the confirmation of the same, Elizabeth Van Kirk, Joseph Van Kirk, Ira Hutchinson and John Hutchinson filed their several motions pursuant to section 3160 of the Revision, for the re-trial of said action of partition, and that afterward, on the 9th day of October, 1869, said cause came on to be heard on the motions thus filed, and a re-trial was ordered and the defendants therein allowed sixty days to file their pleadings; and afterward, on the 8th day of December, 1869, said defendants filed a motion to set aside the sale under the proceedings in partition, on the ground that the plaintiff therein, by corrupt and fraudulent means, had prevented competition at said sale, thereby enabling him to purchase the land for much less than its value, which motion the court overruled and refused to set aside said sale." It is now claimed that the plaintiffs, who, as defendants in said partition action, appeared and there moved to set aside the sale on the ground of fraud, are estopped from now attacking said sale on that ground in this action; that the question of fraud as to them is *res adjudicata*.

Section 3160 of the Revision provides: "When a judgment has been rendered against a defendant or defendants, served by

publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment, appear in court and move to have the action retried; and security for costs being given, they shall be admitted to make defense, and thereupon the action shall be retried as to such defendants as if there had been no judgment, and upon the new trial the court may confirm the former judgment or may modify or set it aside, and may order the plaintiff to restore any money of such defendant paid to him under it," etc.

It appears from the record that the plaintiffs, Ira and John Hutchinson, and Elizabeth and Joseph Van Kirk were served by publication only in the partition action, and that they did not appear therein. The other plaintiffs, the heirs of Charity Forsythe and Phœbe Simpson, were not served with notice in any manner, nor did they appear in the action. It also appears by the record that the four plaintiffs above named, who had been served by publication in the partition suit, appeared within the time prescribed by the statute and filed their motion for a retrial of that action. It seems that the court sustained their motion so far as to set aside the judgment settling the respective shares of the parties, but refused to set aside the sale and judgment confirming the same, and overruled the motion made with that object. From this ruling the parties making the motion failed to appeal.

In moving the court to set aside the partition sale, it was alleged, as a ground thereof, that the purchaser at such sale, the defendant herein, had become the purchaser of the land through fraud practiced at such sale. For the purposes of the motion this allegation was entirely unnecessary.

The statute gave the defendants, served by publication only, and who had not appeared in the partition action, the *right* to appear within two years, and upon *motion*, have the action retried, and it was the duty of the court to have granted this right; and the statute further provides that such retrial *shall be as if no judgment had been rendered*. Hence, they were

not only entitled to a retrial upon the matters involved in the judgment settling the shares of the parties, but also of all the subsequent proceedings based thereon. This, the parties making the motion were entitled to, on their motion for a retrial, which showed that they had been served by publication only, and had not appeared. The purchaser at the partition sale being the plaintiff in the suit, his title was not protected from the consequences of a re-trial. Revision, § 3163.

The court, however, having refused to do so, and the parties making such motion, failing to appeal from the judgment of the court on their motion, are estopped from again coming in and moving for a re-trial of the action, under section 3160 of the Revision. They cannot again make the *same motion*. But we think that this is as far as the estoppel extends; that it does not extend to estop them from coming into a court of equity and attacking the partition sale, and its confirmation by the court as null and void, for the fraud of the plaintiff therein. If there had been no motion made by any of the defendants for a retrial of the partition suit, within the time limited by the statute, they would have been estopped from coming in and making the motion afterward, but such estoppel would not have the effect to sanctify the fraudulent conduct of the plaintiff in the partition suit, or to estop the defendants therein from impeaching the proceedings for fraud in a court of equity. The four defendants who appeared and moved for a retrial were entitled thereto upon showing that they had been served by publication only and had not appeared. They were entitled to retrial of the whole proceedings, as if no judgment had been rendered, upon this showing alone. They need not have assigned any other ground in their motion, and that they assigned the additional ground of fraud in the sale cannot have the effect of an adjudication of the question of fraud. The right to have a retrial of the proceedings on motion upon the grounds mentioned in the statute, within the time limited, was the only issue properly before the court and the only one which could be, or was, properly adjudicated.

The question before the court was simply whether the de-

fendants making the motion were entitled thereon to a re-trial of the whole partition proceedings upon the ground that they had been served by publication only and had not appeared. And because they assigned fraud as one of the grounds of the motion, which was entirely unnecessary, a decision of such motion cannot operate as an adjudication upon the question of fraud, a question which could not be fully and properly investigated and adjudicated upon a mere motion. See *Goucher* v. *Clayton*, 11 Jurist, N. S. (Eng.) 107.

Furthermore, since as to the heirs of Charity Forsythe and Phœbe Simpson a re-partition must be ordered, and a resale of the property had, if partition be not practicable without great prejudice to the parties, and as all the parties are now in a court of chancery, where full and complete justice may be done to all, and in which a party is never permitted to profit by his own fraudulent conduct, the entire proceedings in the partition suit will be annulled and set aside, and a re-partition of all the property ordered. It will be further ordered that the defendant herein be charged with the rents and profits of the farm for the time he has had possession of the same, deducting therefrom all taxes paid by him; such rents and profits to be distributed according to the respective shares of the parties in the estate of Benjamin Hutchinson, deceased; and such of said heirs as may have received any part of the proceeds of the partition sale will be charged with the same with interest from the date of receiving the same. The costs of this appeal will be taxed in favor of the plaintiff.

Reversed.