FOEGAN v. CARPENTER.

117   89
121   317

TAXES — INFANT UNDER GUARDIANSHIP — SALE OF DELINQUENT LANDS—CANCELLATION.

A minor having a guardian, as well as a minor without a guardian, is within the protection of Act No. 206, Pub. Acts 1893, § 69, providing that, in case of the sale for delinquent taxes of lands belonging to "any infant," if it appears that it is necessary, to protect his rights, to order such sale to be canceled, it may be so ordered.

Appeal from Muskegon; Russell, J.   Submitted April 20, 1898.   Decided May 17, 1898

Petition by Frank Foegan against George W. Carpenter and Roscoe D. Dix, Auditor General, to set aside a sale of land for delinquent taxes.   From a decree for petitioner, defendant Carpenter appeals.   Affirmed.

*Turner & Turner* (*C. W. Sessions*, of counsel), for petitioner.

*Walter I. Lillie* (*Stephen H. Clink*, of counsel), for appellant.

MONTGOMERY, J.   The lands in question were bid in by the State, and subsequently purchased by Mr. Carpenter.   Before the deed was issued, the intervener applied to the auditor general for leave to redeem.   The auditor general, believing that he had no discretion in the matter, declined to permit redemption without an order of the court.   The intervener therefore applied to the circuit court in chancery by petition setting up that, at the time of the assessment of the taxes, the decree in the matter, and at the time of the purchase by Carpenter, the intervener was a minor; that he attained his majority on the 22d day of February, 1897, and had not learned that the

taxes were delinquent until a few days prior thereto. The petitioner asked for such relief as was equitable, and the court made an order that the intervener be permitted to redeem. From this order, the purchaser appeals.

The only question involved is as to what construction is to be given the last clause of section 69, Act No. 206, Pub. Acts 1893, which reads:

"In case of the sale of lands belonging to any infant, idiots, minor heirs, insane or incompetent persons, if it shall appear to any court that it is necessary to protect the rights of such incompetent person to order any sale canceled or deferred, it may so order, and in such case all proceedings may be stopped, sale canceled, or action stayed until the proper proceedings can be had to protect the rights and property of such incompetent person or persons."

It is contended by the appellant that this language should be construed as intended to be applied to infants and other incompetent persons not under guardianship, and a plausible argument to sustain this view is built up by reference to the earlier provisions of the statute. We see no good reason, however, why a strained construction should be placed on this language. This case is clearly within the words of the statute, and we think within its intent. There is no more equity in requiring the minor to suffer a loss of his property by reason of the neglect of his guardian than there is to divest one of his property who has no guardian.

The order will be affirmed, with costs.

The other Justices concurred.