DUMPHEY *v.* HILTON.

| 121 | 315 |
| 123 | 355 |
| 123 | 357 |
| 121 | 315 |
| s80NW | 1 |

1. TAX SALES—REDEMPTION—PERSONS UNDER DISABILITY.
   The right of redemption from a tax sale is purely statutory, and cannot be extended by the courts in order to afford relief to persons under disability.

2. SAME—REOPENING DECREE.
   Hence, a petition to reopen a decree in a tax proceeding under the law of 1889, on the ground that the owner of the land was mentally incompetent, and was not represented by guardian *ad litem*, was properly denied; the period of redemption from the sale under the decree having expired, and the law of 1889 not providing for the appointment of such guardian.

Appeal from Monroe; Kinne, J. Submitted January 25, 1899. Decided September 19, 1899.

Petition by Azuba Dumphey, by Edith Dumphey, her next friend, against Joseph S. Hilton and Roscoe D. Dix, auditor general, to reopen a decree in a tax proceeding. From an order sustaining a demurrer to the petition, petitioner appeals. Affirmed.

The petitioner was the defendant in *Hilton* v. *Dumphey*, 113 Mich. 241. After that decision, petitioner filed the petition in this case to reopen the decree in chancery rendered in April, 1892, under which the lands were sold and bid off to the State. The petition is made by Edith Dumphey, who was appointed the general guardian of Azuba Dumphey in September, 1897, and asks for her appointment as next friend to prosecute the petition; that said Azuba is now, and has been for eight years, mentally incompetent; that said Azuba is the owner of, and in actual possession of, said land as her homestead; sets forth the tax proceedings, and alleges that, through her mental incompetency, Azuba neglected to appeal from the decree rendered in that case; alleges, on information and

belief, that, after said decree was rendered, her solicitor endeavored to persuade her to pay the taxes so declared to be legal; that, on account of her mental incompetency, she took no further steps either to pay or further contest the validity of the tax, and allowed the premises to be sold. The petitioner then alleges certain irregularities in the tax proceedings, and that Azuba was incapable of realizing the situation, and not responsible mentally or legally for her acts therein. The petitioner offers to pay the tax, interest, charges, and costs of the suits heretofore had in said matter. To this petition a demurrer was interposed and sustained. From this order petitioner appeals.

*Willis Baldwin* and *Landon & Lockwood*, for petitioner.

*Randall & Corbin*, for defendant Hilton.

*A. B. Bragdon*, for defendant auditor general.

GRANT, C. J. (*after stating the facts*). Practically, this is an application to redeem from a tax sale nearly six years after the sale was made and five years after the time for redemption had expired. The statute of 1889, governing this case, makes no exception in the case of those under disability, such as coverture, infancy, insanity, and incompetency. It is insisted on behalf of petitioner "that the property of an incompetent person or an infant cannot be taken without the appointment of a guardian *ad litem* or some person to act for him." This is not the rule in tax proceedings, unless the fact that the law now provides for proceedings in chancery, and decree and sale thereunder, has changed it, and made such proceedings subject to the same rules and procedure as other suits, where jurisdiction of the person must be obtained, like those cited in the brief of petitioner. Proceedings to collect taxes are usually proceedings *in rem*. The fact that the statute authorizes these proceedings to be taken in a court of equity does not make them any the less proceed-

ings *in rem.* The property alone is described in the peti-
tion.  Every one knows that his land is subject to taxa-
·tion.  Every one is presumed to know the law.  If he
fails to pay, he must be held to know that proceedings
will be taken to enforce these taxes against his land, and
not against him personally.  If not paid, he knows that
his property will be advertised and sold under a decree in
chancery, without reference or further notice to the owner
of the land, or to the person against whom it is or may be
assessed.  Courts cannot read into revenue laws exten-
sions of time to redeem, exceptions, etc., not found in the
law.  When the law provides for the sale of all delin-
quent lands, it applies to the lands of those under disa-
bility as well as to others.  The cases cited on behalf of
complainant are not tax cases.  ''The same strict rules
apply to persons under disability as to others, unless the
statutes otherwise provide.''  25 Am. & Eng. Enc. Law,
419.  The law of 1893 does otherwise provide.  Section
69, Act No. 206, Pub. Acts 1893.  One feature of this
section was construed by this court.  *Foegan* v. *Carpen-
ter*, 117 Mich. 89.  Similar provisions are found in other
States.

It was held by the United States Supreme Court that
the right of redemption from tax sales, although it is to be
regarded favorably, does not exist, except as permitted
by statute.  *Keely* v. *Sanders*, 99 U. S. 441, 445.  The
same rule was held in New York (*Levy* v. *Newman*, 130
N. Y. 11, 13); and also in Arkansas (*Smith* v. *Macon*, 20
Ark. 17); and in Iowa (*McGee* v. *Bailey*, 86 Iowa, 513).
It is held in *Metz* v. *Hipps*, 96 Pa. St. 15:

''Limitations of remedies are purely statutory.  While
it may well be doubted whether the legislature could enact
an immediate bar to any existing right, yet it is clearly
settled that to prescribe the period within which any right
may be enforced is within their power.  They may or may
not except disabilities, according to their pleasure.  If they
omit to say anything upon the subject, there is no power
in the courts to supply what may have been an accidental
or unintentional omission.''

Cooley states the law as follows:

"But, while the statutes are to be favorably regarded, it is at the same time to be borne in mind that the right to redeem comes from the statute exclusively, and is to be. asserted only in the cases and under the circumstances which are there prescribed. The courts can grant no extension of the statutory time; they can make no exceptions from the general provisions of the statutes to meet the circumstances of hard cases; and if the statutes fail to provide for the cases of disability, like those of infancy, coverture, or absence from the country, the courts are without authority to do so." Cooley, Tax'n (1st Ed.), 364.

No authority is cited to the contrary.

Decree affirmed.

The other Justices concurred.