YOUNG v. BLANCHARD.

1. PROCESS—WAIVER BY APPEARANCE—PETITION—JURISDICTION
    OF PARTIES—JUDGMENT—TAXATION.
        On petition to set aside a writ of assistance issued to the gran-
        tee of a tax purchaser, the court of equity has jurisdiction of
        the parties, without the issuance of process in original pro-
        ceedings, since by this petition for the writ of assistance such
        grantee made himself a party to the tax proceedings.

2. TAXATION—DECREE—COMPETENCY—VACATING PROCEEDINGS.
        Under the power given to the court by 1 Comp. Laws, § 3892,
        to cancel any sale of lands of incompetent persons and others,
        if necessary to protect them, such cancellation may be de-
        creed after a deed of the tax lands has been made by the
        State to the purchaser and after a conveyance by him to an-
        other.

3. SAME—SETTING ASIDE DECREE—LIMITATIONS.
   Said statute is not affected by the following section, 1 Comp.
   Laws, § 3893, limiting the time to move to set aside a tax
   sale to one year in certain cases and providing that in others
   no sale should be set aside after confirmation.

4. SAME—INCOMPETENCY AS A PERSONAL DEFENSE.
   After the death of an incompetent, the proceeding commenced
   in her behalf to vacate such tax sale and deeds may be con-
   tinued by her heirs, the defense of incompetency not being
   personal to the deceased.

5. SAME—REFUNDING PURCHASE PRICE—EQUITY.
   But the owner will be compelled to do equity by refunding to
   the tax purchaser, who did not know of the owner's incompe-
   tency, the purchase price and payments made by the former
   to the State with interest, less the net revenue, if any, that
   he may have received from the property.

Appeal from Ottawa; Padgham, J.   Submitted Febru-
ary 21, 1911.   (Docket No. 151.)   Decided March 31,
1911.

Petition by Catherine H. Young, by next friend,
against Lewis H. Blanchard to vacate a tax sale, and
writ of restitution.   From a decree for petitioner defend-
ant appeals.   Modified and affirmed.

*Charles E. Soule*, for appellant.

*Lillie & Osterhous*, for appellee.

MOORE, J.   Some phases of this litigation were before
this court in the case of *Blanchard* v. *Young*, 152 Mich.
619 (116 N. W. 189).   A reading of the opinion in that
case will be helpful in understanding the questions in-
volved in this proceeding.   After the opinion was handed
down in that case, the court below proceeded to hear the
petition referred to in the opinion, praying relief because
Mrs. Young was a mentally incompetent person.   After
a full hearing the court decided Mrs. Young was mentally
incompetent when the lands were sold, and ever since
that time.

The defenses interposed in the court below and the disposition thereof are so well stated in the written findings of the court that we quote them here:

" Counsel for Mr. Blanchard has made many claims in defense to the petition filed on behalf of Mrs. Young, or in objection to it, chief among which are the following:

" (1) That Mr. Blanchard is a third party to the proceedings, and the rights of a third party cannot be tried and determined upon petition; the court having no jurisdiction to proceed, except upon some original proceeding bringing such third party into the case.·

" (2) That the nature of the proceedings violates Mr. Blanchard's rights, and gave him no fair and full hearing.

" (3) That the writ of assistance decree was in full force when pleaded in bar of this petition and still so remains, and was and is *res adjudicata* of the matters between the parties herein.

" (4) That it does not appear from the proofs that Mrs. Young was or is a mentally incompetent person within the meaning of the tax law.

" (5) That Mrs. Young was notified by letter of the sale of her lands nearly two years before the proceeding was commenced, and she is therefore precluded by section 70 (1 Comp. Laws, § 3893) of the tax law from having the sale set aside for any reason.

" (6) That Mrs. Young is now deceased; the remedy provided by section 69 of the tax law is personal to the minor or incompetent landowner; and therefore no relief can now be granted by the court.

" I have carefully considered all these questions. * * * I will pass upon them briefly in the order above:

" (1) It may be true that the court would be without jurisdiction to try and determine the rights of a third party to a tax proceeding upon petition in the original matter.   But this lack of jurisdiction relates only to the person, and not to the subject-matter.   The court has jurisdiction of the subject-matter here, and, if originally without jurisdiction to bring Mr. Blanchard in, this question could be waived.   * * *   Mr. Blanchard would be a third party if he had not moved in the matter himself, but it seems to me that when he appeared (in the original case) by his petition for writ of assistance he became one of the parties to that case as much as was the auditor general and Mrs. Young; he took the place of Mr. Craw,

submitted himself to the jurisdiction of the court, asked the court for relief, and in this proceeding, which is a branch of the original matter, he cannot be considered a third party or a stranger to the whole proceeding.

"(2) The statute (section 69 of the general tax law, 1 Comp. Laws, § 3892) prescribes no form of procedure. The statute provides:

"'In case of the sale of lands belonging to any infant, idiots, minor heirs, insane or incompetent persons, if it shall appear to any court that it is necessary, to protect the rights of such incompetent persons, to order any sale canceled or deferred, it may so order.'

"There is but a single question of fact involved, namely, Was Mrs. Young incompetent, within the meaning of the statute, at the time her lands were sold? Such proceedings were had, as above stated, that all parties were fully and fairly heard, and much testimony bearing upon this question was taken. Though the proceeding originally took a form which apparently cast the burden of proof upon Mr. Blanchard as a matter of fact, upon the hearing, petitioner's counsel did not insist upon Mr. Blanchard showing that Mrs. Young was competent, but, on the contrary, offered much proof tending to show her incompetency, and he does not now claim, and never has claimed, that Mr. Blanchard has not proven Mrs. Young competent, and that therefore he is entitled to the order prayed for in the petition; but he asserts that he has shown, as he first claimed, that the landowner was incompetent, and that, because his proof does so show, he should have the order asked for. The burden of proof, in fact, if not in form, was upon the petitioner, and not upon Mr. Blanchard, throughout the entire proceeding. Any proceeding that gives all parties a suitable opportunity to be heard, in which their rights can be fully litigated and determined, would, I believe, be a proper proceeding, and all this has been done in this case.

"(3) The question of *res adjudicata* has been effectually disposed of by the opinion and decree of the Supreme Court in the writ of assistance branch of the case. Counsel for Mr. Blanchard insists that the opinion and decree do not state that the 'decree appealed from stood without prejudice.' It does not say so in so many words, but the manifest intent of the court was to give its decree this effect; otherwise the provision in the decree relating to

the mental incompetency proceeding would be wholly meaningless and valueless. Courts are not given to the saying of meaningless things. This clause in the decree, therefore, meant something, and meaning something it can be but one thing: That the decree appealed from stood without prejudice to the lower court's determination of the question raised in this present branch of the case.

"(4) I am fully satisfied that the proofs offered by and on behalf of Mrs. Young establish the fact that she was incompetent, within the meaning of the statute, at the time her land was sold and at the time the tax notices were served upon her; that she was not so competent as to enable her to transact her business properly and take care of her property; and that, within the meaning of the statute in question, to protect her interest, which she was incompetent herself to protect, the sale of her lands should be set aside.

"(5) There is no limitation, as I read the law, upon the remedy sought by the petition in this matter. The limitation of one year prescribed in section 70 of the tax law does not affect or apply to the remedy provided for by section 69.

"(6) Mrs. Young is deceased, but I do not believe the law is intended to take away her rights now that she is no longer here to enjoy them. The petition was filed, the proofs were taken, the case was submitted in her lifetime. Decision has been delayed through no fault of hers, or her heirs, and I am of the opinion that the court can as well grant the relief prayed now as in the lifetime of the petitioner.

"It is therefore ordered and decreed, that the said sale of lots * * * to Edward L. Craw, for the taxes of 1901, and the conveyance made by the auditor general May 16, 1905, * * * be and the same is hereby set aside and canceled and held for naught. No costs are allowed either party to this proceeding, nor shall it be necessary for the said Catherine H. Young, or her administratrix, to refund or repay to the State, or to any other person, the amount of taxes paid by Mr. Craw."

Section 69 was before this court in *Foegan* v. *Carpenter*, 117 Mich. 89 (75 N. W. 290), where it was held that, even though an infant had a guardian, if it was necessary to protect the rights of the infant, the sale would be canceled. Counsel in their brief refer to that case as follows:

"The sale before deed may be canceled in a proper case, but after redemption has passed, deed has issued, and especially when the rights of a third party have intervened, the court is powerless to apply this statute to such case. To make such application would be to write into this statute what the legislature did not put there, as, after the word 'canceled,' 'may set aside the deed to the purchaser at the tax sale and all subsequent deeds in the title without limitation.' It is insisted that this cannot be done, under the authorities above quoted. Had the legislature intended it, it would have been put into the statute. So far as I have found, section 69 of the tax law has been before this court in but a single case, *Foegan* v. *Carpenter*, 117 Mich. 89 (75 N. W. 290). The court in this case emphasize the point made above that proceedings under it can be had only before deed issues. I quote:

"'Before the deed was issued, intervener applied to the auditor general for leave to redeem.'

"It may be claimed that power, to set aside the sale, and setting aside the sale, would necessarily cancel all subsequent titles, but it is idle to say, under the strict rules of the tax laws, the legislature would not have so stated if such was the intention. The courts cannot write the new matter into the statutes."

Attention is then called to the case of *Dumphey* v. *Hilton*, 121 Mich. 317 (80 N. W. 1), and the argument is made as follows:

"The court has jurisdiction to entertain proceedings for the relief of persons under disability only to stay and to cancel the sale, and is without jurisdiction to entertain such proceedings after the sale has eventuated into a deed, and especially after the rights of a subsequent purchaser have intervened. To hold otherwise would give the courts authority, if there shall be a hard case, to write into the law what the legislature has not put there, which cannot be done."

A quotation is made from the opinion in *Dumphey* v. *Hilton*, *supra*, which seems to sustain the claim of counsel, but an examination of the opinion shows that the case was brought under the statute of 1889, which makes no exception in the case of those under disability, like minors

and incompetents. The justice writing the opinion said:

"The same strict rules apply to persons under disability as to others, unless the statutes otherwise provide. 25 Am. & Eng. Enc. Law (2d Ed.), p. 419. The law of 1893 does otherwise provide. Section 69, Act No. 206, Pub. Acts 1893. One feature of this section was construed by this court. *Foegan* v. *Carpenter*, 117 Mich. 89 (75 N. W. 290)."

We agree with the trial judge that the objections of appellant specifically referred to are not well taken.

We cannot agree with him, however, in allowing the petitioner to take the lands without reimbursing the appellant. The only reason for canceling the sale is the incompetency of Mrs. Young. Her land, like the land of a competent person, is subject to the payment of taxes. The appellant had no occasion to know when he bought the land that she was not competent. In *Connecticut Mut. Life Ins. Co.* v. *Wood*, 115 Mich. 444 (74 N. W. 656), it was held that one who seeks relief from a void tax sale will be compelled to do equity. We think in this case petitioner should reimburse appellant for payments made by him or his grantor to the State, at the time the deed was made, and any taxes subsequently paid, with interest at the legal rate, less the net revenue, if any, the appellant may have received from the property. Unless the solicitors can agree upon these amounts, the case may be remanded to take proofs.

A decree may be entered in accordance with this opinion.

BIRD, HOOKER, McALVAY, and STONE, JJ., concurred.