ANNIE SUTTON VARNELL, Appellee, v. BESSIE LEE, Appellant; WILMER LEE et al., Appellees.

No. 46671.

446

June 19, 1945.

Kelleher & Kelleher, of Fort Dodge, for appellant.

Sterling Alexander, of Webster City, for L. M. Rogers and Ada E. Rogers, appellees.

Oliver, J.—This case grows out of Varnell v. Lee, 234 Iowa 1053, 14 N. W. 2d 708, which was an appeal from orders of the district court confirming and refusing to set aside a sale by referees in partition to L. M. Rogers and wife of certain farm land in Hamilton county. Upon said appeal the sale was ordered set aside on account of irregularities and defects in the proceedings subsequent to the decree in partition and the cause was reversed and remanded with directions for a resale.

The original deed from the referees to the Rogers was dated September 23, 1943. In connection therewith the referees had assigned to the Rogers the lease on the land for the year ending February 29, 1944. Upon remand the trial court, on July 25, 1944, ordered that the deed be canceled and the purchase price of $22,677 be returned to the Rogers, and that the Rogers account for the rents and income received by them and make statement of offsets claimed by them. The Rogers reported $2,116.32 rents received and claimed offsets totaling $1,926.18. Objections to said accounting were made by Bessie Lee on behalf of the owners of the land. Trial to the court resulted in the allowance, in part, of the claimed offsets, and appeals by both parties. Bessie Lee will be referred to herein as appellant and the Rogers as appellees.

I. Appellant complains of the allowance of $88.05 expended by appellees for insurance on the buildings, and $131 for removing stumps from the land. Generally speaking, in the absence of extenuating circumstances, when a judicial sale is set aside the court will undertake to restore the status quo so far as is practicable under the circumstances. 31 Am. Jur. 532; 35 C. J. 113–115; annotation 142 A. L. R. 310 et seq. We have said that in such cases the court will do complete justice between the parties and require the seller to account for the money received, and the defeated purchaser to account for the use of or rents and profits from the land. Washburn v. Carmichael, 32 Iowa 475; Fleming's Heirs v. Hutchinson, 36 Iowa 519, 526; Stonerook v. Wisner, 171 Iowa 109, 153 N. W. 351, L. R. A. 1915E, 834, Ann. Cas. 1917E, 252. Fundamental justice usually requires that the defeated purchaser be compensated also for proper expenses in improving and preserving the property. Warner v. Tullis, 206 Iowa 680, 692, 218 N. W. 575,

In this case appellees took the property subject to an existing lease upon which they collected the rents. The sale having been set aside, they were not entitled to retain these rents and have accounted for the same. See Restatement of the Law, Restitution, 622. The insurance may be said to have been an expense incurred by appellees in operating and preserving the property while they held it. The removal of the stumps im-

proved the property. Substantial justice required the allowance of these items.

II. Appellees claimed $200 for management. The court allowed $100. Both sides predicate error upon this part of the order. The trial court based the allowance upon the bringing of twenty-five acres of land into production, arranging for the removal of useless buildings and improving the appearance of the premises, and arranging for the leasing of the land for 1944–1945. These services appear to have been reasonably worth the amount allowed by the trial court. Under the circumstances, the allowance was just and proper.

III. Appellees asked credit for $400 for expense incurred for the services of their attorney in the trial in district court of the application to set aside the sale and in the appeal to the supreme court, and also the cost of printing their brief in the supreme court. The court allowed $150 for the attorney's services in the district court trial and disallowed the other parts of these items. Both sides assert error. Appellees contend this expense should have been allowed in full. Appellant asserts nothing should have been allowed. Apparently we have never passed upon the precise point. Appellees rely upon decisions of some courts allowing the defeated purchaser expenses incurred by him in investigating and perfecting his title or in setting aside the sale. 31 Am. Jur. 532; 35 C. J. 115; Blackburn v. Selma R. Co., C. C., Tenn., 3 F. 689, 699.

However, in this case appellees did not procure or aid in the setting aside of the sale. Nor were the expenses incurred in making the purchase or handling the property. The expenses were incurred by appellees in resisting the efforts of opposing parties to set aside the sale, which appellees apparently deemed advantageous to themselves but which was actually invalid and was so adjudicated. Under the circumstances, we conclude appellees are not entitled to reimbursement for any part of their attorney's fees or the printing bill and that nothing should have been allowed on these items.

IV. Appellees claimed $850 for interest on the $22,677 purchase price at the rate of five per cent per annum from September 22, 1943, to June 22, 1944. The court allowed $425. Both sides predicate error upon this part of the order.

The order points out that the purchase-price fund of necessity was held in the hands of the court during the appeal (so that appellant and others who would have been entitled to share therein obtained no benefit therefrom) ; that the fund had theretofore been invested by appellees in government bonds at a rate of approximately two and one-half per cent, and that the allowance of interest at this rate would restore the situation which had been disturbed.

A number of decisions state that the defeated purchaser should be allowed simple interest on the purchase money. 31 Am. Jur. 532; 35 C. J. 114; Cooke v. Berlin Woolen Mill Co., 56 Wis. 643, 14 N. W. 808; Young v. Blanchard, 165 Mich. 340, 130 N. W. 694. In most of these cases the purchase money had been distributed to the parties who would have been entitled to the proceeds of a valid sale. That was the situation in Jones v. Blumenstein, 77 Iowa 361, 42 N. W. 321. See, also, White v. Harvey, 175 Iowa 213, 216, 157 N. W. 152; Bredensteiner v. Oviatt, 202 Iowa 993, 1001, 210 N. W. 133.

However, the fact that the purchase money is not distributed may have some bearing upon the allowance of interest. Fleming's Heirs v. Hutchinson, 36 Iowa 519, 526 (a fraud case), states: "* * * such of said heirs as may have received any part of the proceeds of the partition sale will be charged with the same with interest from the date of receiving the same." In Pinson v. Bentley, 298 Ky. 396, 182 S. W. 2d 974, 976, none of the purchase money went into the hands of the original owners "who were vigorously contending the sale was void." Those, with other circumstances, were deemed sufficient to justify the denial of interest. The rule there stated is that interest should not be allowed "other than an amount 'as the equities of the case demand.' "

In the case at bar the trial court took into consideration the fact that appellant and other part owners of the land did not benefit from the deposit of the purchase money with the referees in partition, and allowed appellees the amount of their actual loss from their deprivation of its use. In view of all of the circumstances, we conclude this was proper, that the allowance was just, and that it should be approved.

450

The order is reversed as to the allowance of the expenses incurred by appellees for attorney's fees. In all other respects it is affirmed on both appeals.—Affirmed in part; reversed in part.

All JUSTICES concur.