PER CURIAM.
This is an appeal from an order dismissing the complaint in a suit for declaratory decree. J. T. Fleming, individually and as trustee of the J. T. Fleming Foundation and of the J. T. Fleming Trust No. 2, sued Hillsborough County to have the status of such trusts and the propriety of certain tax assessments determined. On defendant’s motion, the chancellor dismissed the complaint as amended.
The complaint alleged that the plaintiff and his wife owned certain lands in Hills-borough County, Florida, by the entireties and that in December 1948, they deeded this land to plaintiff, as trustee for the J. T. Fleming Foundation. At the same time they executed a trust agreement setting out the purposes for which the Foundation was created. Such agreement named, as successor trustee, Pauli E. Dixon, with the power reserved by plaintiff to appoint other trustees to succeed Dixon.
The trust property was, by various notes and mortgages, intricately tied up with another trust wherein plaintiff and his wife conveyed certain stock to plaintiff, as trustee for the J. T. Fleming Trust No. 2, for the use of the Fleming family. The plaintiff informed the county tax assessor that the property was exempt because of the charitable nature of the mentioned foundation. The county tax assessor determined that the property was subject to taxation, and it was taxed in 1949 and tax certificates issued in 1950 for failure to pay said taxes.
In October, 1952, Hillsborough County instituted a tax foreclosure proceedings against the property, based on the 1950 certificates. Plaintiff represented himself and the trust, filing various pleadings therein. In March, 1953, while the tax foreclosure suit was still pending, plaintiff was declared incompetent and thereafter a guardian ad litem was appointed.
The guardian ad litem had the pleadings filed by plaintiff dismissed and filed an answer on plaintiff’s behalf. One paragraph of such answer was stricken on the county’s motion and the guardian did not amend. The plaintiff in this action implies that the result of such failure to amend was a failure to defend against the county’s claim. Final decree in the tax foreclosure suit was finally entered in April, 1955.
The present suit is based on the alleged illegality of the tax assessment on the basis that the taxed land was owned by a charitable trust and second, that such decree was void by reason of plaintiff’s incompetency during the pendency of the tax foreclosure suit.
The circuit judge, who entered the final order in this case, was also the judge who sat on the previous cases involving this same property, and because of the illuminating facts stated, we are quoting his opinion and order in toto:
*164 “This is a suit instituted by J. T. Fleming, individually, and as Trustee of the J. T. Fleming Foundation and as Trustee of the J. T. Fleming Trust No. 2 against Hillsborough County, a political subdivision of the State of Florida, wherein he seeks an adjudication by this Court on a Declaratory Decree that the J. T. Fleming Foundation is a valid charitable trust and that the assessment of taxes heretofore levied against it was an erroneous and invalid assessment. He requests further that the 'Court decree the title to said property in Hillsborough County heretofore vested in the County for nonpayment of taxes under Chapter 194 Florida Statutes be returned to him, or in the alternative that said Decree be vacated upon condition that the plaintiff pay such taxes as the Court may find to be due to Hills-borough County, and for other relief. Hillsborough County has filed a motion to dismiss saying that the matter has been previously adjudicated, that the relief sought would require a retrial of former issues heretofore adjudicated by this Court and in general that there was no equity in the Bill. The cause has been ably argued by counsel for the respective parties and duly considered by the Court.
“In order that a complete history of this matter may be available, this Court takes judicial knowledge of Chancery 92,356C Hillsborough County, styled Hillsborough County v. Certain Lands, and of Chancery 95,770, styled Gertrude B. Fleming, individually, and as guardian for J. T. Fleming, an insane person, v. Pauli E. Dixon, as successor Trustee of the J. T. Fleming Foundation and Richard W. Ervin, Attorney-General of the State of Florida, both of which cases this Court heard, and Orders were entered by this Court, it having been assigned to hear the matters upon the disqualification of the circuit judges of Plills-borough County, Florida. The Complaint in this case alleges that the plaintiff is Trustee for a charitable or educational or soine kind of Trust, which had been created by him and his wife, and that therefore said lands were not taxable. It is interesting to note that in Chancery 95,770C, upon the application of the wife of the plaintiff here, this Court voided the Trust and revested the title into her and her husband under a Decree entered June 4, 1954. This was done at her specific request, she having instituted the suit in her individual capacity and as guardian for J. T. Fleming, an insane person. It is further interesting to note that after this was done at her request, and as the plaintiff herein alleges on page 12 of the Complaint, ‘she, Gertrude B. Fleming, immediately caused the Trust to be reconstituted by appropriate instruments filed of record.’ Thus the wife and guardian of the plaintiff herein reconstituted the Trust, putting herself back into the same situation from which the Court had extricated her, and thus made mockery of the Court Decree.
“Chancery No. 92,356C, which was an in rem tax foreclosure, adequately protected the plaintiff’s rights. The original suit was filed October 29, 1952. Subsequently thereto, J. T. Fleming was declared incompetent, a guardian ad litem was appointed for him, and the cause proceeded. Adequate time was given for redemption or payment of taxes and for his duly constituted guardian, Mrs. Fleming, or his guardian ad litem in the tax foreclosure, or anybody else, to sell some of the property for the purpose of redeeming same from foreclosure for taxes, even though the plaintiff, J. T. Fleming, was under disability during a portion of that time, but it is interesting to note that the tax foreclosure statute does not give any extra benefits under disability or toll the running of the *165 statute or deprive the taxing authorities of the right to assess for taxes, or deprive the Court of any right to entertain foreclosure proceedings by virtue of this disability.
“The Final Decree in this particular chancery case which was instituted October 29, 1952, was not signed by this Court until April 5, 1955, two and a half years after its institution, this being done primarily by the Court in order to give the guardian or the guardian ad litem ample time in which to arrange for a sale so as to pay the taxes or some other method of redemption, none of which was done. Now, two years and nine months, plus one day, after this Decree was entered by this Court this Complaint is filed. It is difficult for this Court to see how there is anything to declare in this matter as a sufficient basis for the invoking of the Declaratory Decree Statute. The terms and provisions of the charitable trust are so obviously a family corporation instead of a charitable trust that it is ridiculous to assert that taxes cannot be assessed against it. Were such permitted under the law, then this Court could create a Trust of his individual real estate holdings for the use and benefit of somebody, himself, his family, or somebody else, somewhere and no taxes could ever be levied upon it, this Court in the interim receiving all the benefits and income from the property and not paying his fair share of taxes for costs of government. We cannot have the benefit of government and still not assume a portion of its burden.
“But, be that as it may, this Court feels that this case is nothing but an attempt to re-litigate the tax foreclosure proceeding in Chancery No. 92,356C and Chancery No. 94,770, the proceeding in which this Court dissolved the purported charitable trust, and that as such this Court should not now disturb it, and cannot in orderly procedure permit re-litigation of such matter. To permit such would be to invite a re-litigation of every case that is filed in any court and thus there would be no end to litigation. It must come to an end sometime. The plaintiff has had his day in Court many, many times over in this matter and it is the opinion of this Court that the motion to dismiss should be sustained.
“Whereupon it is ordered, adjudged, and decreed that the motion to dismiss, be, and the same is hereby, sustained! and said cause dismissed at the cost of the plaintiff.”
A study of the trust instrument involving the property alleged to be exempt from taxation convinces us that it did not create a charitable trust, and, therefore, the property was subject to taxation under the laws of the State of Florida. It appears that the tax certificates issued in 1950 against the property involved were valid.
The tax foreclosure suit that was instituted by the county arose pursuant to Section 194.47, Florida Statutes, F.S.A., which provided that after two years have elapsed from the date of the certificate issued at the tax collector’s sale and if the taxes have not been redeemed or purchased within 90 days following the expiration of a period of two years, etc., the Board of County Commissioners should file a bill of complaint in the name of the county and against any and all the lands described in a schedule prepared by the circuit court clerk.
The law further provided that it was not necessary to name as defendant any person or persons owning or having any interest in, or lien upon such lands. Section 194.47 further provided that the clerk should mail a notice as provided in Section 194.51, which notice should contain a brief description of the land and should warn' that on and after the return date therein named a decree would be sought.
*166 Section 194.47, Paragraph (3), Florida Statutes, F.S.A., provides that on or before the return day of the notice certain rights of redemption would be allowed.
Paragraph (4) of Section 194.47 provides that on the day following the return day of the notice, the clerk of the circuit court should file a certificate describing each and every parcel of any lands upon which the taxes and tax liens have been so purchased, which lands should, by final decree, be excluded from said suit and from the operation of such final decree. Upon the return date of said notice, each and every person or persons formerly interested in, or having any lien upon said lands described in the bill of complaint were charged with the duty of appearing and showing cause before the circuit court why the fee simple title to said lands should not be by said court decreed to be vested in said county free and clear of all liens and claims of every kind, except as therein provided; and that such fee simple title in the county should be forever quieted and confirmed and set at rest from any and all claims on the part of each and every defendant. Paragraph (4) further provided that the only cause which could be shown as to why the county was not entitled to proceed was that the property was not subject to taxation or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the expiration of said two year period.
No provision was made in the tax statutes favorable to infants or incompetents. The same rules which apply to everyone else apply to parties under disability unless the taxing acts themselves make such exceptions. See 4 Cooley, Taxation, Section 1563, 4th Ed.; Schauble v. Schulz, 8 Cir., 137 F. 389; Dumphey v. Hilton, 1899, 121 Mich. 315, 80 N.W. 1.
. The tax statutes of Florida do not permit redemption beyond the time allowed by statute. The property of the plaintiff was subject to taxation and was properly taxed by the officials of Hillsborough County. Plaintiff had the right, within the statutory period, to redeem these properties, but he failed to do so, probably for reasons beyond his control. He has, without doubt, suffered great hardship, but the circuit courts have no authority to alleviate harshness of taxing acts where such relief is not provided for in the statutes of the State. We find no error in the lower court’s decree, so the lower court is affirmed.
Affirmed.
KANNER, C. J., and ALLEN and SHANNON, JJ., concur.