John A. DONAGHY, Administrator, c. t. a.
and Ida Belle Huckins

v.

Lloyd E. LEIGHTON and the Inhabitants
of the Town of Lubec.

Supreme Judicial Court of Maine.

Jan. 27, 1976.

Alan D. Graves, Machias, for plaintiffs.

Silsby, Silsby & Walker, by William S. Silsby, Jr., Ellsworth, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

This appeal results from a proceeding to quiet title (14 M.R.S.A. § 6651) to which defendant Leighton counterclaimed asking that title be confirmed in him.

The judgment of the Superior Court denied the relief sought to plaintiffs, and granted the request of the defendant Leighton on his counterclaim and against plaintiffs on the counterclaim.

This appeal by plaintiffs followed.

We deny the appeal.

The plaintiffs are the administrator, c. t. a., of the estate of Ina Farnsworth, and Ida Belle Huckins, who describes herself as the only heir-at-law of Ina Farnsworth.

A summary of events surrounding the forfeiture of testatrix' property is critical to an understanding of a serious concern we have in this case, which concern we will hereinafter describe in greater detail.

In May 1964 Lloyd Leighton was sworn in as Assessor, Selectman, and Overseer of the Poor for the Town of Lubec. In July of that year a tax in the amount of $83.70 for one lot and $9.99 for a second lot was assessed against Ina Farnsworth.

In March of the following year, a notice of lien and demand for payment was sent to Mrs. Farnsworth by certified mail. Shortly thereafter, on April 9, 1965, a lien on Mrs. Farnsworth's property was duly filed and recorded in the Washington County Registry of Deeds.

On September 6, 1965, Mrs. Farnsworth was involuntarily committed to the Bangor State Hospital.

The commitment order bore the signature of the chairman of the Lubec Board of Selectmen.

At that time Lloyd Leighton was a member of such Board of Selectmen.

There is nothing in the record to indicate that defendant Leighton played any part in Mrs. Farnsworth's commitment to the State Hospital.

On January 26, 1966, Ina Farnsworth died while still a patient at the Bangor State Hospital.

On October 9, 1966, the statutory eighteen months' tax lien redemption period[1] expired with no payments forthcoming from either Mrs. Farnsworth or her estate.

In July 1967 the Farnsworth property was sold to Lloyd Leighton in a public sale.[2]

On September 26, 1967, the will of Ina Farnsworth was allowed by the Probate Court. Three days later an attorney representing the administrator of the Farnsworth estate informed the Lubec selectmen that the estate wished to pay all taxes due on the decedent's property.

The attorney was informed that the property had already been sold to Mr. Leighton.

On November 14, 1967, Carl Farnsworth, an heir of the testatrix' husband, petitioned the Probate Court for an exten-

---

1. 36 M.R.S.A. § 943.

2. At the time of his purchase, Mr. Leighton was no longer a member of the Board of Selectmen.

sion of the period of redemption. An extension of sixty days from the time of the allowance of the will was granted on November 22. No offer to pay the taxes was made during the three days between the time the extension was granted and the time of its expiration on November 26.

Finally, in December 1972, appellants commenced the quiet title action which resulted in this appeal.

Appellants advance several reasons why the defendant's title should be found void. The first few of these involve the legality of the election or appointment processes which put the Lubec selectmen, treasurer, and tax collector into office. The presiding Justice below found that the officers were all legally appointed or elected for the years in question. We do not disagree.

We are likewise satisfied that there was no error in the lower court's conclusion that the tax liens under which Mrs. Farnsworth forfeited her land adequately described the liened property.

The final issues raised by appellants warrant somewhat more detailed discussion. They may be characterized as a challenge to the constitutionality and basic fairness of the proceedings by which the defendant Leighton came to acquire the Farnsworth property.

■ First, appellants claim that the tax lien foreclosure statute is unconstitutional since it deprives persons of property without prior hearing in violation of the principles of due process enunciated in *Fuentes v. Shevin*, 407 U.S. 78, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). This issue is disposed of by our decision in *City of Auburn v. Mandarelli*, Me., 320 A.2d 22 (1974), wherein we held that the Maine tax lien statute was not constitutionally wanting.

See also, *Morissette v. Connors*, Me., 350 A.2d 332 (1976).

Next, appellants attack the failure of the Lubec town officials to appoint a guardian for Mrs. Farnsworth in the face of their knowledge of her mental infirmity.

■ 18 M.R.S.A. § 3601, the statute by which municipal officers of a town in which incompetents reside are empowered to apply for the appointment of a guardian for such incompetent,[3] does not *require* that the town officials take action. Rather, it merely permits them to become petitioners when they see fit. Action by them to apply for such appointment does not become mandatory simply because they become aware that a person residing within their town has become incompetent.

■ Nor can we accept appellants' contention that the eighteen months' redemption period is tolled by the mental illness of the taxpayer. Unlike the limitations described in 14 M.R.S.A. § 752 to 754 and 851 and 852, for which there is special provision[4] and the statute governing real actions (14 M.R.S.A. § 801, et seq.) for which there is a special provision,[5] the statutes with which we are here concerned[6] contain no provision for tolling of the time for redemption by the imprisonment, absence, incompetence or minority status of the taxpayer.

In the absence of such a saving provision, appellants' claim must fail.

Even though some sort of saving clause might be desirable as a matter of policy, we are without power to engraft one onto the statute simply because the lack thereof works a hardship in this case. *Keeley v. Sanders*, 99 U.S. 441, 25 L.Ed. 327 (1878); *Kirwan v. State*, 31 Conn.Sup. 46, 320 A.2d 837 (1974); *Dumphey v.*

3. "The judge of probate may appoint guardians to the following persons resident in his county, or resident out of the State, and having estate in his county, although over 18 years of age, on written application of any of their friends, relatives or creditors or of the

municipal officers or overseers of the poor of the town where they reside; * * * *"

4. 14 M.R.S.A. § 853.

5. 14 M.R.S.A. § 807.

6. 36 M.R.S.A. § 942 et seq.

*Hilton*, 121 Mich. 315, 80 N.W. 1 (1899). As we said in *City of Auburn v. Mandarelli*, supra, in reference to the same foreclosure statute, "Amelioration of the oppressiveness of this statute must be made, if at all, by the Legislature, not the courts." 320 A.2d at 33.

In his brief, defendant Leighton argues that the Judge of Probate who purported to extend the time for redemption to 60 days from the allowance of the Will was without authority to do so since the petition for such extension was not filed until long after the statutory eighteen months' redemption period had expired.

The Justice below interpreted 36 M.R. S.A. § 943 as requiring that in order for the Probate Court to exercise jurisdiction to extend the redemption period, the Will must have been offered for probate prior to the expiration of the eighteen months.

Although we agree with this interpretation of the statute, it becomes unnecessary to indulge in lengthy discussion of the point because, it is clear, even if the extension had been properly granted, no effort to redeem was made within the extended period.

Appellants' final issue concerns the conduct of the defendant Leighton. They assert that since he had knowledge of Mrs. Farnsworth's commitment, yet took no action to have a guardian appointed for her while the redemption period ran against her, he has *"unclean hands"* and cannot be permitted to retain title to the property.

■ We agree that Mr. Leighton's actions smack of unfairness. We can discern, however, nothing illegal in them. It · has already been established that Leighton had no affirmative duty to see that a guardian was appointed for Mrs. Farnsworth. Furthermore, while it is generally true that an officer who participates in a tax sale cannot purchase at that sale [*United States v. 329.22 Acres of Land, etc., Brevard Co., Fla.*, 307 F.Supp. 34 (M.D.Fla.1968); *Okanogan Power & Irrigation Co. v. E. C. Quackenbush et al*, 107 Wash. 651, 182 P. 618 (1919), Annot., 5 A.L.R. 969 (1920)], Mr. Leighton was not a selectman at the time he purchased the property which had been acquired by the town as a result of the expiration of the redemption period. The record is clear that this was an arm's length transaction between the town and Mr. Leighton.

Notice of a proposed sale was properly given to the public, and Mr. Leighton was the only person who evidenced interest in purchasing the property.

■ The possibility that he may have learned of the availability of the property through his position as selectman does not of itself render him ineligible to purchase it.

■ Moreover, even if defendant Leighton had not acted in good faith in purchasing the property, that fact would gain appellants nothing since they must prevail, if at all in this action to quiet title, on the strength of their own title, not the weakness of the defendant's. *Smith v. Varney*, Me., 309 A.2d 229 (1973); *Hann v. Merrill*, Me., 305 A.2d 545 (1973).

Once the period of redemption was allowed to expire, title to the Farnsworth property vested in the town.

At that point, appellants lost all claims to the premises and cannot now be heard to assert any.

The entry must be:

Appeal denied.