### In the matter of GANSE, a lunatic.

Where a lunatic left his residence in a state of mental alienation, leaving personal property there, and had gone to some place unknown; *Held*, that for the purpose of an application to the court of chancery for a commission of lunacy, the lunatic must still be considered as a citizen of the state where he was domiciled at the time he was deprived of his reason.

The court of chancery has jurisdiction to issue a commission of lunacy where the lunatic has lands in this state, although the lunatic is domiciled abroad.

THIS was an application by a creditor of W. Ganse for a commission to inquire as to his lunacy. The petition stated that the supposed lunatic was recently a resident of the town of Fishkill, where he had considerable property, consisting principally if not wholly of personal estate; that after he became deranged, he had left his place of residence and gone to some place unknown to the petitioner or to his friends or relatives; that a letter had been received from him, stating that he should not make known where he was, and that no one could find him, for he was at a great distance from Batavia, though he had made arrangements to get letters which were directed to him at that place.

*J. Rhoades & R. W. Peckham,* for the petitioner.

THE CHANCELLOR. The affidavits annexed to the petition in this case appear to establish a clear case of lunacy. And the only question is whether this court ought to issue a commission without some evidence of the fact that he is

within the jurisdiction of the court. It was at one time questioned whether the lord chancellor of England could issue a commission where the lunatic was abroad. But since the decision of Lord Hardwicke, in *Southcot's case*, (2 *Ves. sen.* 402,) there can be no doubt of the right of the chancellor to issue a commission, where the lunatic has lands within his jurisdiction, although the lunatic is himself domiciled abroad. And the cases of *Perkins*, (2 *John. Ch. Rep.* 124,) and of *Petit*, (2 *Paige's Rep.* 174,) establish the same principle here. Stock, in his treatise upon the law of non compos mentis, says : " All persons permanently non compos mentis are proper objects of a commission of lunacy, provided they are natives of or residents in England. Thus a commission may be granted against a foreigner whilst in this country, or against an Englishman whilst out of it." (*Stock's Non Compos Mentis*, 94.)

In this case, the supposed lunatic has several thousand dollars of personal property under the care of his brothers in the county of Dutchess, although there is no distinct allegation that he has any real estate there. And the fact that he was in a state of mental alienation when he left his place of residence in Fishkill, in February, 1841, renders it wholly improbable that he can have established any legal domicil out of this state since that time. For the purposes of this application, therefore, he must be considered as still a citizen of this state, and a resident at Fishkill, where he was domiciled at the time he was deprived of his reason.

A commission must issue accordingly, as prayed in the petition, and must be executed in the town of Fishkill; and the jury may dispense with having the supposed lunatic before them upon the execution of the commission. But notice of the time and place of executing the commission must be given to one of the brothers of the lunatic residing at that place. The commissioners must also direct a similar notice to be transmitted to Ganse himself, through

the post office, directed to him at Batavia, at least twenty days previous to the time when the commission is to be executed.