IN THE MATTER OF WILLIAM RICE, AN INFANT.

*Guardians—Conflict between foreign and domestic appointments—Domicile.*

The laws of Michigan usually contemplate the appointment of a guardian who shall have custody of the estate, whoever may have custody of the person, and do not provide for corporation guardianships. They contemplate that guardians may be appointed for infants who have property in Michigan whatever may be their residence, and only recognize foreign guardians as a matter of comity.

If a guardian has been appointed for an infant at a foreign domicile, and has had personal custody of the infant, his claims as guardian should be respected elsewhere; but this is not necessarily the case if he has no control of the infant's estate and was appointed in a jurisdiction from which the infant was personally absent.

Where a person has left his domicile with no intention of returning, and is killed before he establishes another, the legal character of the old domicile does not necessarily control in matters of policy, and determine the place where a guardian for the decedent's infant child should be appointed.

The parents of an infant were killed and the child was injured in a railway collision in Michigan while on their way from their former home in Philadelphia, to Kansas where they meant to reside. The child's property consisted chiefly in his right to compensation, and was therefore in Michigan where he remained. A guardian who was nearly related to him was appointed for him in Michigan where the guardian has charge of the estate, and another guardian who was to have charge of the person only, was appointed for him in Philadelphia, where a trust corporation was made guardian of the estate. The guardian appointed in Philadelphia sought to obtain the custody of the child on a writ of *habeas corpus.*. *Held* that the foreign guardian was not entitled to it as a matter of right, and the writ was refused.

HABEAS CORPUS. Submitted Jan. 20. Denied Jan. 21.

*Conely & Lucking* for petitioner. An unauthorized appointment of a guardian by the probate court is absolutely void, and may be attacked collaterally or by a motion to vacate, *Sears v. Terry,* 26 Conn., 273; *Dorman v. Ogbourne,* 16 Ala., 759; *Lacy v. William,* 27 Mo., 280;

Herring v. Goodson, 43 Miss., 392; Townsend v. Kendall, 4 Minn., 412; Wright v. Wright, 24 Mich., 180; People v. Dawell, 25 Mich., 247; comity, if not absolute right, requires that the foreign guardian have the child. Wharton's Confl. Laws, §§ 259, 263; 3 Redf. Wills, 448, 450; Schouler's Dom. Rel., 443; Woodworth v. Spring, 4 Allen, 321; Nugent v. Vetzera, L. R. 2 Eq., 704; the right of the domiciliary guardian of an infant of tender age is as nearly absolute as is that of a parent, and should prevail, except in those cases of abuse or misconduct where, under similar circumstances, the right of a father would be interfered with, Di Savini v. Lonsada, 18 W. R., 425; Townsend v. Kendall, 4 Minn., 419; Wharton's Confl. Laws, §§ 262–263; a man's domicile continues till a new one is acquired, Neff v. Neff 1 Binn., 351; Fisher's Dig., tit. Domicile, col., 9444; Gilman v. Gilman, 52 Me., 165; Phillimore on Domicile, 21; the doctrine that where one dies in journeying towards an intended domicile, he loses the old domicile, is not at all sustained by the facts of the case in which the doctrine had its origin, Munroe v. Douglas, 5 Maddock, 246; and is severely criticised in the following: Harvard College v. Gore, 5 Pick., 374, 375; Somerville v. Somerville, 5 Vesey, 786–7; Munro v. Munro, 7 Cl. & F., 876; Bell v. Kennedy, 1 L. R. Scotch & Div. App., 307; actual presence within the territory is essential to the acquisition of a new domicile, Sears v. Boston, 1 Met., 250; Abington v. North Bridgewater, 23 Pick., 170; Thorndike v. Boston, 1 Met., 242; in a suit for divorce under a statute requiring the complainant to be a resident of Massachusetts at the time the cause of divorce occurred, it was held that where the parties left Massachusetts to remove to Colorado, and stopped four months in Philadelphia on the way, at which place the cause of divorce occurred, that the complainant was domiciled in Massachusetts, Shaw v. Shaw, 98 Mass., 158; the domicile of an infant is that of its father, and an infant cannot of

its own motion change its domicile, Shouler's Dom. Relations, 412; *School Directors v. James*, 2 W. & S., 570.

*T. A. Wilson* and *Austin Blair* against the petition.

CAMPBELL, J.  A *habeas corpus* was issued in this case on behalf of a Pennsylvania guardian to obtain possession of the infant over whom a guardian had been appointed by the probate court of Jackson county before any appointment was made in Pennsylvania.

The parents of the child, having formerly lived in Philadelphia, determined to change their residence and left that city with their son to go to Kansas to reside. They were both killed and the child injured by a railroad collision at Jackson last October.  The boy, who is but three years old, was cared for at that city until an aunt, Mary C. Rogers, his mother's sister, came on and has since taken care of him, and was in December last appointed guardian.  Afterwards an uncle in Philadelphia applied to the Orphan's Court, and a corporation, which is apparently created for trust purposes, was made guardian of the estate, and an aunt, his father's sister, Mrs. Ellen Taney, appointed guardian of the person.

Our laws usually contemplate the appointment of a guardian who has custody of the estate, whoever may have the custody of the person, and provide for no corporation guardianships.

All of the infant's property is now in Michigan, and his chief interest is supposed to be such compensation as may be obtained for his own injuries and the death of his parents.

Our laws contemplate that guardians may be appointed for infants, whatever may be their residence, who have property in this State, and do not recognize any absolute right in foreign guardians to be recognized.  Whatever respect is paid them springs from comity and not from law, and is therefore not a matter of right.

If an infant, after having a guardian appointed at his

domicile, where he has been in that guardian's personal custody, should be taken or found elsewhere, great respect should be paid to the claims of such guardian, which would probably in most cases be considered as paramount.

But where, on the other hand, the foreign appointment secures no control over the infant's estate, and has been created in a jurisdiction from which he was personally absent, the case is materially different.

It may or may not be that Philadelphia is to be regarded in law as technically the domicile of the parents and infant, inasmuch as they were still on the road to another, and had not reached it. Upon this we express no opinion, and assume that it may be. But for purposes of comity, the domicile is chiefly respected because it is in fact the home; and where there has been a departure with no design of returning, the legal character of the old domicile does not make it so controlling in matters of policy as it would be under other circumstances, although for other matters it may possibly control.

In the present case there can be no doubt that the Jackson probate court had power to appoint the guardian, and the infant's interests are also chiefly here, which made it a very proper thing to make some appointment here, whatever might be done elsewhere. The Michigan guardian is as near a relative as any other living relative, and the Pennsylvania guardian has not as full powers. There is nothing in the case which indicates that the latter should be preferred, and we do not feel that there is any duty imposed upon us, under the circumstances, of changing the custody.

The other Justices concurred.