GRIFFIN *v.* LENAWEE PROBATE JUDGE.

INSANE PERSONS — NONRESIDENTS — GUARDIANS — POWER TO AP-
POINT.
    Under section 8729, 3 Comp. Laws, the judge of probate has
    authority to appoint a guardian for an incompetent who is a
    nonresident of this State, who is without near relatives or
    friends, and who has been left an estate in this State which
    is likely to be squandered if turned over to her.

Certiorari to Lenawee; Chester, J. Submitted April
30, 1907. (Calendar No. 22,184.) Decided May 18,
1907.

Mandamus by Edmund H. Griffin to compel Harry
L. Larwill, probate judge of Lenawee county, to proceed
to a hearing of a petition for the appointment of a guardian
of the estate of a nonresident. There was an order grant-
ing the writ, and respondent brings certiorari. Af-
firmed.

*Bird & Sampson,* for relator.

*D. B. Morgan,* for respondent.

MOORE, J. Application was made to the probate court
for Lenawee county by Edmund H. Griffin to have a
guardian appointed for the person and estate of Penninah
Taylor, a nonresident of Michigan. The probate court
decided that, as Penninah Taylor was a nonresident, he
had no jurisdiction to make such appointment, and re-
fused to hear or pass upon the merits of the case. Mr.
Griffin then applied to the circuit court for a writ of man-
damus to compel the probate judge to proceed to a hear-
ing of the merits of the case. An answer was made by
the probate judge, and after a hearing the circuit judge
ordered a writ to issue, directed to the probate judge, ad-

vising him that he had jurisdiction in the premises, and directing him to proceed to a hearing upon the merits. The respondent, by writ of certiorari, brings the proceeding to this court and seeks to have the order of the circuit court vacated.

The petition for the appointment of a guardian for Penninah Taylor shows, in substance, (*a*) that Edmund H. Griffin is the administrator de bonis non of the estate of Samuel Taylor, deceased, the deceased husband of said Penninah Taylor, that he has in his hands upwards of $1,800 ready for distribution, and that she is entitled to the whole of said estate; (*b*) that Samuel Taylor was a resident of the county of Lenawee at the time of his death, that Penninah Taylor, his widow, is the only person interested in said estate, and that, at the time that administration upon said estate was commenced, the said Penninah Taylor was a resident of Lenawee county, but that subsequently she moved to Parkersburg, West Virginia, to reside with a daughter, and that afterwards her daughter died, and she is living among strangers in the city of Parkersburg; (*c*) that the said Penninah Taylor is a colored woman of the age of 75 years and upwards; that she is weak and feeble physically, and is unable to care for herself; that she is without education and is mentally weak and is mentally incompetent to have the charge, custody, and management of said fund; that she has no relatives in the State of Michigan, and states, upon information and belief, that she has no relatives in the United States, save one granddaughter, whose name and residence are unknown to the petitioner; (*d*) that he is a friend of the said Penninah Taylor, and that on account of his friendship for her and desire to protect her and prevent her estate from being squandered he makes the application; (*e*) that he has already paid the said Penninah Taylor $750 out of the assets of said estate; that within a very few weeks thereafter she had none of it left, and that in the judgment of petitioner, if the balance of the assets of the estate were turned over to her, it would go in a like way and she

would soon be a charge upon the public. The prayer of the petition was for the appointment of a guardian for the person and estate, for the estate and for the person.

The contention of the relator is that the probate court has jurisdiction to appoint a guardian for Penninah Taylor, for the reason that he has jurisdiction of the fund which belongs to her; and, even if that part of the law which provides for the appointment of a guardian for the person should be eliminated, the rest of it should be preserved so that the estate of nonresident minors and incompetents can be protected.

The claim of the attorney for Mrs. Taylor is that his client is neither an inhabitant or resident of Michigan, and therefore the court has no jurisdiction to declare her incompetent and appoint a guardian for her or her property. He contends that, if the legislature intended to authorize the appointment of a guardian under the circumstances disclosed by this record, the statute would be unconstitutional, as it would deprive his client of liberty and property without due process of law.

If the court has authority to make the appointment, it is by virtue of section 8729, 3 Comp. Laws, which reads:

"When any minor or other person liable to be put under guardianship, according to the provisions of this chapter, shall reside without this State, and shall have any estate therein, any friend of such person, or any one interested in his estate, in expectancy or otherwise, may apply to the judge of probate of any county in which there may be any estate of such absent person; and after notice given to all persons interested, in such manner as the judge shall order, and after a full hearing and examination, if it shall appear to him proper, he may appoint a guardian for such absent person."

And see, also, sections 8730, 8731, 3 Comp. Laws.

In *Re Rice*, 42 Mich. 528, Justice CAMPBELL, speaking for the court, said:

"Our laws usually contemplate the appointment of a guardian who has custody of the estate, whoever may

have the custody of the person, and provide for no corporation guardianships.   *   *   *

"Our laws contemplate that guardians may be appointed for infants, whatever may be their residence, who have property in this State, and do not recognize any absolute right in foreign guardians to be recognized. Whatever respect is paid them springs from comity and not from law, and is therefore not a matter of right."

In construing a statute quite like ours, the court in *Davis* v. *Hudson*, 29 Minn. 27, used the following language:

"Beyond question, these provisions of statute assume to authorize a probate court of this State to appoint a guardian 'for a nonresident minor, as respects any estate which the minor may have in the county where such probate court is established. With a valid authority to this extent our probate courts may properly be invested. Statutes conferring like authority have been in force here ever since the organization of the Territory of Minnesota, and similar laws are found in Massachusetts, Ohio, Vermont, Michigan, Wisconsin, and other States. Jurisdiction to appoint a guardian exists as well when the infant has property in the State where the jurisdiction is sought to be exercised, as when he is domiciled therein. It rests upon a like basis in both cases, viz., the right and duty of a government to take care of those who are unable to take care of themselves as respects either person or property. *McLoskey* v. *Reid*, 4 Bradf. (N. Y.) 334; 1 Wharton on Conflict of Laws, §§ 259, 261, 265, 266, 268. And see *Clarke* v. *Cordis*, 4 Allen (Mass.), 466. With respect to real estate, it is to be added that the control and disposition of it must necessarily be subject to the lex rei sitæ.

"If a general guardian be appointed for a nonresident minor, and it be admitted that the appointment is, on account of its generality, too broad, there is no reason why it should not be held good to the extent to which it would have been lawful and competent to make it, to wit, to the extent of the minor's estate within the jurisdiction in which the appointment is made. In the case at bar the minor was a resident of the State of New York, and owner of land in our county of Goodhue. It was therefore competent for the probate court of Goodhue county, and within its general jurisdiction, to appoint a guardian for

him as respected such land (being the same which is in controversy in this action), and the appointment of a general guardian would be good to that extent."

See, also, *West Duluth Land Co.* v. *Kurtz*, 45 Minn. 380; *Neal* v. *Bartleson*, 65 Tex. 478.

We think it evident the legislature undertook to authorize the appointment of a guardian under the circumstances disclosed by this record.

The judgment of the circuit court is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.