GRAHAM *v.* NIPPRESS.

1. INSANE PERSONS—OBJECTION THAT SUIT MAY ONLY BE MAINTAINED BY NEXT FRIEND SHOULD BE RAISED IN TRIAL COURT.

   In a suit by one who had been adjudged mentally incompetent, to restrain defendant from interfering with plaintiff's possession of certain real estate in which defendant claimed an interest acquired by virtue of tax deeds for city taxes, the objection that plaintiff could only maintain her suit by next friend, under 3 Comp. Laws 1915, § 12379, not having been raised in the court below, may not be relied upon in the Supreme Court, especially in view of the fact that the defect was cured by the decree requiring plaintiff to pay the amount of the taxes, interest, and costs as a condition to relief.

2. SAME—HUSBAND AND WIFE—INTEREST OF WIFE—EVIDENCE—SUFFICIENCY.

   Defendant's claim that plaintiff was without sufficient interest in the premises involved to maintain this suit, because the man through whom she claimed title as his widow was never legally her husband, *held*, not supported by the record.

3. SAME—ENTITLED TO EQUITABLE RELIEF—TAXATION.
  One mentally incompetent and under guardianship at the
    time of the assessment of taxes on her property and the
    sale thereof for nonpayment of same, is entitled to equit-
    able relief under 1 Comp. Laws 1915, § 4066.

Appeal from superior court of Grand Rapids; Dun-
ham (Major L.), J.     Submitted February 7, 1923.
(Docket No. 165.)    Decided March 23, 1923.    Rehear-
ing denied June 21, 1923.

Bill by Margaret Graham against Elmer Nippress
to enjoin the execution of a writ of assistance.    From
a decree for plaintiff, defendant appeals.    Affirmed.

*S. Wesselius* and *Irving H. Smith*, for plaintiff.

*Fred C. Temple*, for defendant.

McDONALD, J.     Plaintiff brings this action to re-
strain the defendant from interfering with her posses-
sion of certain real estate in the city of Grand Rapids,
Michigan, and to compel him to convey to her any
interest which he may have acquired in the property
by virtue of certain tax deeds for city taxes.     Her
bill alleges that she was the wife of James M. Graham,
who died intestate on August 20, 1904, leaving as his
sole estate the property in question consisting of a
house and lot in Grand Rapids.     They had no children.
The property was their homestead.     After his death
she continued to reside on the premises until June,
1915, when she was adjudged an inebriate and mentally
incompetent, placed under guardianship and com-
mitted to the Michigan asylum at Kalamazoo by the
probate court for the county of Kent.     She is still
there and under guardianship.     The guardian has
done nothing to conserve the property.     It was sold
by the city for taxes for the years 1915, 1916 and
1917.     Defendant having acquired the title com-
menced proceedings in the superior court of Grand

Rapids for a writ of assistance, whereupon plaintiff brought this action. On the hearing the superior court judge dismissed the petition for a writ of assistance, canceled the tax sales and permitted the plaintiff to redeem on the payment into court of $84.45 together with taxable costs, including an attorney fee of $50. From the decree entered the defendant has appealed.

It is first urged by counsel for the defendant that plaintiff being mentally incompetent and under guardianship could only maintain her suit by a next friend or by her guardian. This objection was not raised in the lower court. It was not called to the court's attention by the pleadings or by motion to dismiss. The statute, section 28, chapter 12 of the judicature act (3 Comp. Laws 1915, § 12379), provides that in such cases before the declaration or bill of complaint is filed or any process is issued, the circuit judge shall appoint a competent and responsible person to appear as next friend for such plaintiff.

"But it does not necessarily follow that a strict compliance is indispensable to the validity of the proceedings." *Kees* v. *Maxim,* 99 Mich. 493.

See, also, *McDonald* v. *Weir,* 76 Mich. 243; *Sick* v. *Aid Ass'n,* 49 Mich. 50; *Dillon* v. *Howe,* 98 Mich. 168.

"It is not an absolute prerequisite to jurisdiction of an action by an infant that he should sue by guardian *ad litem* or next friend; but a failure to appoint a guardian *ad litem* or next friend for an infant plaintiff merely affects the regularity of the proceedings, and the defect is one which before verdict is amendable, and after verdict and judgment is cured." 22 Cyc. p. 644.

The guardian, who should have looked after the interests of his ward, abandoned the plaintiff and her property. The court should have appointed some

other competent person to represent her in prosecuting her suit and undoubtedly would have done so if the matter had been called to his attention. If counsel desired to raise the question he should have done so seasonably by motion to dismiss. Not having done so, he is now in no position to complain. However, he has not been prejudiced. So far as the defendant's interests are concerned the purpose of the appointment of a next friend is that there may be some responsible party to whom he may look for his costs in case he prevails in the suit. As the trial court directed the plaintiff to pay the amount of the taxes, interest and costs into court as a condition to the canceling of the deed, the object of the statute is secured to the defendant as effectually as it would have been if a responsible party had been appointed. In this respect the decree cured any defect in the proceedings.

It is next contended by counsel for the defendant that the property belongs to the estate of James M. Graham, that the plaintiff was not the wife of Graham and has no interest upon which she can maintain her suit. Counsel bases this contention on the claim that Graham had a wife in Buffalo, New York, from whom he was never divorced, and who lived until December, 1895. This claim is not supported by the evidence. There is no proof of such a marriage. There is evidence that he had two children, now living in New York State. Nineteen years have elapsed since their father's death, a fact of which they had knowledge, and no claim has been made by them to any part of his estate. If they are lawful heirs with any interest in the property there is no satisfactory proof of it in this record. For eleven years after Graham's death the plaintiff continued to occupy the premises as her home, paid the taxes, made improvements and claimed to be the sole owner. For many

years previous to that time she and Graham lived on this property, claiming to be husband and wife. So far as the record shows there was no break in their relations until his death in 1904. The record does not show that any attempt has been made to administer the estate. The guardian appointed to look after her interests has abandoned both the plaintiff and the property. She is the only person, except the defendant, who is asserting any title or right to possession. There is no merit in defendant's claim that she is without interest sufficient to maintain this suit.

It is conceded that, at the time of the assessment of the taxes and the acquiring of a deed by the defendant, the plaintiff was mentally incompetent and under guardianship. This fact settles the question of her right to equitable relief under authority of section 4066, 1 Comp. Laws 1915, which provides:

"In case of the sale of lands belonging to any infant, idiots, minor heirs, insane or incompetent persons, if it shall appear to any court that it is necessary to protect the rights of such incompetent person, to order any sale canceled, or deferred, it may so order, and in such case, all proceedings may be stopped, sale canceled or actions stayed until the proper proceedings can be had to protect the rights and property of such incompetent person or persons."

In *Foegan* v. *Carpenter*, 117 Mich. 89, it was held that this statute applied to infants and to incompetent persons under guardianship as well as to those who had no guardians.

And in *Young* v. *Blanchard*, 165 Mich. 340, it was said:

"Under the power given to this court under this section to cancel any sales of lands of incompetent persons and others, if necessary to protect them, such cancellation may be decreed after a deed of the tax land has been made by the State to the purchaser and after a conveyance by him to another, and that

said statute is not affected by the provisions of the tax law limiting the time to move to set aside the tax sales to one year in certain cases and providing that in others no sales shall be set aside after confirmation. The court also held that the owner will be compelled to do equity by refunding to the tax purchaser, who did not know of the owner's incompetency, the purchase price and payment made by the former to the State with interest, less the net revenue, if any, that he may have received from the property."

Under authority of these decisions and the section of the statute above quoted, the superior court judge made a correct disposition of the case. Plaintiff was equitably entitled to a cancellation of the deeds, and defendant was entitled to reimbursement for money expended in the payment of her taxes. The decree provided that, as a condition to the setting aside of the tax deeds, the plaintiff pay to defendant the amount paid by him for taxes, together with the interest and costs, including an attorney fee of $50. This was equitable.

The decree is affirmed. Plaintiff will have costs in this court.

FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, C. J., concurred in the result.