## In re MacGregor

520

*Harold S. Hampson*, for petitioner.
*E. L. Lindsey* and *William Glassman*, contra.

ARIRD, P. J., September 20, 1940.—A petition was presented to the court by Walter B. McGregor setting forth that he is guardian in the State of New Hampshire of John C. MacGregor, that the latter is a resident of Nashua, New Hampshire, and has there been found to be an insane person, and asking for the appointment of a committee of the estate of John C. MacGregor, pursuant to the laws of the State of Pennsylvania, in order that such committee might elect for the ward to take against the will of his deceased wife. A certified copy of the said proceedings was attached to the petition. The petition did not allege that John C. MacGregor had any property in Pennsylvania.

This petition was presented to the Hon. W. Walter Braham, of the fifty-third judicial district, specially presiding, on April 26, 1940. Joseph H. De Frees, executor of the will of Elizabeth R. MacGregor, deceased wife of John C. MacGregor and a legatee under her will, appearing de bene esse, objected to the appointment of a committee of John C. MacGregor in Pennsylvania on the ground that this court had no jurisdiction to do so and presented a petition raising this question. Judge Braham ruled that Mr. De Frees had not been made a party to the proceedings and was not properly before the court and dismissed his petition without prejudice, however, to his "right to raise the question of jurisdiction after the committee has qualified", and entered an order appointing a committee "for the estate of John C. MacGregor". The

committee thereupon presented a petition asking the court to direct it to elect for the ward to take against the will of his deceased wife. To this, counsel for Joseph H. De Frees objected, stating that there were facts which should be before the court before action was taken and asking that a rule to show cause only be granted. Judge Braham entered an order directing the committee to elect to take against the will, putting on the record however a statement that he entered both the order appointing a committee and the order directing the committee to elect to take against the will ex parte "because of the exigency of the situation" and leaving for later proceedings "the determination of the propriety and legality of the election". On May 17, 1940, Joseph H. De Frees presented a petition to the court again raising the question of jurisdiction and objecting that both the orders hereinbefore referred to were entered ex parte, without hearing, and with no facts before the court upon which to base such action and asking that the said orders be rescinded as null and void. A rule to show cause on this petition was granted and is now before the court for decision.

Lunacy proceedings are governed by the Act of June 13, 1836, P. L. 589, which provides, in section 1, that the court of common pleas may issue a commission in the nature of a writ de lunatico inquirendo to inquire into the lunacy or habitual drunkenness "of any person being within this commonwealth, or having real or personal estate therein." The notice to be given and the procedure are prescribed by the act and if the person is found to be a lunatic or habitual drunkard the court may appoint a committee of the person or estate or both. A committee may be appointed only if the person is within or has real or personal estate within the State and only if the provisions of the act are followed: Halderman's Appeal, 104 Pa. 251.

Section 18 of the Act of 1836, supra, provides that, in the case of a person residing outside the State and found to be a lunatic in the place where he resides, duly-au-

thenticated copies of the proceedings in such case may be admitted by the court "as sufficient proof" for the appointment of a committee for this State. It is argued that under this section a committee may be appointed simply on filing such authenticated copies of proceedings in another jurisdiction. But this section relates solely to proof of the fact of lunacy; it does not affect the provisions of the act relating to jurisdiction or procedure. If the person is not in this State there must be property belonging to him here in order to give the court jurisdiction to act at all. It is conceded that John C. MacGregor has no actual property in Pennsylvania but it is argued that MacGregor, if he were not insane, could elect to take against the will of Elizabeth R. MacGregor and that this right is property in Pennsylvania. The Supreme Court has decided that the right of a husband to elect to take against the provisions of his wife's will is simply a personal privilege which he can exercise or not as he chooses and is not an asset: Fleming's Estate, 217 Pa. 610.

This privilege, in the case of a lunatic, may be exercised for him by his committee, but being a personal privilege it is the committee of his person who can exercise it and then only with the consent of the court appointing him. John C. MacGregor is not the ward of this court and this court has no jurisdiction over him, he being resident of another State. He is the ward of a court in another State and that court alone has jurisdiction over his person and over the committee or guardian of his person appointed by it: McMullin, Guardian, v. Commonwealth Title Insurance & Trust Co., 261 Pa. 574.

The order directing the committee of the estate in Pennsylvania to elect to take against the will was made ex parte, without a hearing, and without all the facts and circumstances being before the court. Such action is within the sound discretion of the court in control of the lunatic's estate: Kennedy, etc., v. Johnston, 65 Pa. 451.

But this discretion is to be exercised judicially, upon consideration of all the circumstances, taking into account

the advantages and disadvantages to him and, further, that the leaning of the law is in favor of the will, particularly where a taking against it would divert the estate of the deceased from his own blood: Stockton's Estate, 311 Pa. 189.

The court has reached the conclusion that this court is without jurisdiction to make the order appointing a committee of the estate of John C. MacGregor for Pennsylvania or the order directing the committee to elect to take against the will of Elizabeth R. MacGregor and that the latter order in particular should not have been entered ex parte, without notice and without hearing, and without knowledge of the full facts and circumstances upon which to base a judicial discretion.

And now, September 20, 1940, the rule to show cause granted May 17, 1940, on petition of Joseph H. De Frees, is made absolute, and the orders dated April 25, 1940, and filed April 26, 1940, appointing Warren National Bank as committee for the estate of John C. MacGregor, approving bond of said committee, and authorizing and directing Warren National Bank as committee of the estate of John C. MacGregor to file its election on behalf of John C. MacGregor to take against the will of Elizabeth R. MacGregor, are hereby rescinded, the petition of Walter B. McGregor for appointment of a committee for the estate of John C. MacGregor for Pennsylvania is hereby dismissed and the election of Warren National Bank as committee for the estate of John C. MacGregor to take against the will of Elizabeth R. MacGregor filed in the orphans' court to no. 65, March term, 1940, is hereby declared null and void, and the clerk of this court is hereby directed to file with the clerk of the orphans' court a certified copy of this decree.