In the Matter of the Appointment of a Committee of the Property of WILLIAM K. RYAN, an Alleged Incompetent.

Supreme Court, Special Term, New York County, February 16, 1943.

*Kieffer & Killea* for Joseph B. Ryan, petitioner.

*George Frankenthaler,* special guardian.

*Martin Conboy* for William K. Ryan, appearing specially.

SHIENTAG, J. The question presented on these motions is (a) whether this court has jurisdiction to order a commission in an incompetency proceeding where the alleged incompetent is a nonresident of the State and cannot personally be served here, but has property of substantial value in the State, and (b) whether, in such a situation, on the return of a jury verdict of incompetency, this court has the power to appoint a committee of the property of the person so found to be incompetent.

At all times since the institution of this proceeding William K. Ryan, the alleged incompetent, was not a resident of the State of New York and was not physically present in this State. His legal domicile was in Virginia, although at times he has lived in an apartment owned by him in Washington, D. C. Prior to the commencement of this proceeding Mr. Ryan was and now is a patient in the department for mental and nervous diseases, in a hospital in Philadelphia, Pennsylvania. He has at no time been adjudicated an incompetent, nor has a committee of his person or his property been appointed, nor are there any pending proceedings affecting competency, in any other jurisdiction. He is unmarried and has two brothers who are his sole heirs and next of kin. One of the brothers is the petitioner for the appointment of a committee of the property in this State, and the other has consented to the granting of that application. The alleged incompetent has property in this State worth over $1,000,000 and receives an annual income from his property here of upwards of $89,000.

When the proceedings were commenced a special guardian was appointed by a justice of this court to protect the interests of the alleged incompetent. Mr. Ryan was personally served in the State of Pennsylvania with a copy of the petition and order to show cause which initiated the proceedings and with a copy of the notice of motion, and affidavit annexed, for an order confirming the findings of the sheriff's jury. He was duly served by registered mail with a notice of the time and place of the execution of the commission, in compliance with the direction contained in the order appointing the commissioner.

The sheriff's jury presided over by the commissioner appointed by this court made a finding of incompetency. A motion is made by Mr. Ryan's brother to confirm the findings of the jury and to appoint a committee of the property. Another

motion is made by the alleged incompetent, appearing specially through a friend, who describes himself as the personal secretary and manager of the business interests of William K. Ryan for the past fourteen years, to vacate the entire proceedings on the ground that this court was without jurisdiction to entertain them.

This is not a proceeding for the appointment of a committee of the person of an incompetent; it is a proceeding *in rem* or *quasi in rem* to protect and to safeguard property in this State. As a preliminary to the exercise of its jurisdiction over property located here the court must, of course, be satisfied that the owner is incompetent to look after it himself. (*Matter of Curtiss,* 134 App. Div. 547, affd. 197 N. Y. 583; *Hughes* v. *Jones,* 116 N. Y. 67; *Matter of Blewitt,* 131 N. Y. 541, 546; Civ. Prac. Act, §§ 1364-1368, 1371.) The necessity for a judicial determination of that question does not transform the character of the proceeding from one *quasi in rem* to one *in personam.*

This court has inherent power to determine how it shall be satisfied that the need for judicial intervention exists. Certainly that is so in the absence of specific statutory provisions prescribing the procedure to be followed. (*Sporza* v. *German Savings Bank,* 192 N. Y. 8.) My attention has been called to no statute of this State which purports to restrict the power of the Supreme Court to act in a situation such as is here presented or purports to prescribe a form of procedure other than that followed in this case. Indeed, whatever statutory provision there is on the subject, although not directly in point, tends to support the exercise of the jurisdiction here invoked (Rules Civ. Prac. rule 286, formerly Code Civ. Pro. § 2323). It is clear that residence of the alleged incompetent is not the basis of the jurisdiction. But it is urged that jurisdiction over the person of an alleged incompetent is necessary in order to give validity to this court's appointment of a committee of his property located in this State. This contention does not seem to be supported either by reason or by authority.

We must bear in mind the distinction between jurisdiction and the exercise of that jurisdiction in accordance with due process of law. Due process of law requires that, wherever possible, reasonable notice must be given to a party whose rights may be affected by any proposed action, so that he may have an opportunity to appear for the purpose of protecting those rights. Our statutes contain no express provisions for service of notice on an alleged incompetent but notice and opportunity to be heard at the inquisition are " required by the law of New York,

although not expressly recited in the statute." (*Chaloner* v. *Sherman*, 242 U. S. 455; *Gridley* v. *College of St. Francis Xavier*, 137 N. Y. 327; *Matter of Fox*, 138 App. Div. 43.)

The notice, which is a prerequisite of "due process", is not something that is rigid or fixed; it is proportioned to the event and to the circumstances thereof. The kind of notice, where and how it shall be served, when and to what extent it may be dispensed with, are all left to the sound discretion of the court, a discretion which has to be reasonably exercised to accomplish, so far as it is possible to do so, the desired result.

Thus, where the alleged incompetent is in this State, personal service within the State is the general rule. Where he is a resident but is outside the State, and it is sought to have appointed a committee of his property here located, the requirements of due process would be fully met if notice were required to be served personally without the State, or by registered mail, or, if the whereabouts of the resident alleged incompetent were completely unknown, on his nearest relatives or friends who are available. The requirements as to notice are not essentially different as between residents and nonresidents. Jurisdiction is to be fulfilled, not palsied or destroyed by the requirements of due process. Here we have property in this State of substantial value which both of the heirs and next of kin of an alleged incompetent declare he is unable to manage and safeguard. Suppose he has gone to some far-off country. Suppose he has completely disappeared. Is the fact that he is a nonresident sufficient to deprive our courts of the power to protect the property within their jurisdiction?

In this State there has been definite judicial recognition of the court's power and jurisdiction to appoint a committee of property in the State belonging to a nonresident incompetent who is personally outside the State. (*Matter of Tracy*, 1 Paige, 580; *Matter of Mason*, 1 Barb. 436; *Matter of Petit*, 2 Paige 174; *Matter of Perkins*, 2 Johns. Ch. 124; *Matter of Ganse*, 9 Paige, 416; *Sporza* v. *German Savings Bank*, 192 N. Y. 8, 14-17; *Matter of Paddock*, 204 N. Y. 640.)

*Matter of Paddock* (*supra*) would seem to be controlling authority on the precise question involved in the instant case. The points here urged were all briefed before the Court of Appeals. By its answers (without opinion) to certified questions, the Court of Appeals squarely upheld the jurisdiction to appoint a committee of property located in this State of a nonresident incompetent not personally served with notice within the State. I am not convinced by the argument that in the

*Paddock* case counsel objecting to the jurisdiction appeared and submitted the person of his client to the jurisdiction of the court generally. The Appellate Division clearly did not think so when it granted leave to go to the Court of Appeals, and there is nothing to indicate that the Court of Appeals was answering academic questions. The result reached in *Matter of Paddock* finds support in other jurisdictions. (See *Matter of Wilson,* 9 Del. Ch. 332; *Coker* v. *Gay,* 154 Ga. 337; *McCormick* v. *Blaine,* 345 Ill. 461; *Hayward* v. *Hayward,* 65 Ind. App. 440; *Wallace* v. *Tinney,* 145 Iowa 478; *Griffin* v. *Lenawee Probate Judge,* 148 Mich. 516; *Matter of Devausney,* 52 N. J. Eq. 502; *Matter of MacGregor,* 40 Pa. D. & C. 519; *Matter of Sall,* 59 Wash. 539.)

The case of *Cooper* v. *Burton* (127 F. 2d 741) is cited as holding to the contrary. That case might well be distinguished from the instant case on the facts, because there a committee had already been appointed for the incompetent in New Jersey and evidently the appointment of a committee for the small amount of property in the District of Columbia was "for the purpose of controlling properties located in New York." In fact, on rehearing, the court indicated that a receiver or custodian might be appointed to care for the property of the incompetent within the District "without an adjudication of insanity." In any event, to the extent that the case holds that a committee of the property can be appointed only by a court having jurisdiction over the person of the alleged incompetent, it is contrary to well-established authority in this and in other States.

Here the requirements of due process have been complied with. The property of the alleged incompetent, or practically all of it, is located in this State; both of his next of kin apply for the appointment of a committee of his property here; there has been no prior adjudication or appointment of any committee for the incompetent elsewhere; a special guardian has been appointed to protect his interests; the alleged incompetent, now in a hospital in Philadelphia, received notice of the proceedings and had reasonable opportunity to appear at the hearing; the inquisition was held in the borough of Manhattan, city of New York, less than two hours by train from Philadelphia. On the inquisition the jury found, upon the testimony of four medical experts, that William K. Ryan was incompetent to manage his affairs. The experts who testified with respect to Mr. Ryan's mental condition are Dr. Edward A. Strecker, Chief of the Psychiatric Department of the Pennsylvania Hospital, Philadelphia, Pa., where Mr. Ryan has been a patient since February, 1942;

Dr. Strecker's assistant, Dr. Thomas F. Wright, Jr., who had daily contact with and observation of Mr. Ryan since May 1, 1942; Dr. Kenneth J. Tillotson, head of the Department of Psychiatry of McLean Hospital, Belmont, Massachusetts, where Mr. Ryan had been a patient for treatment of his mental condition from November 13, 1941, until February 13, 1942, and Dr. Henry Alsop Riley, a neurologist of New York City. Every step has been taken to protect and to safeguard Mr. Ryan's interests.

The motion to vacate the proceedings is denied. The motion to confirm the findings of the sheriff's **jury** and for the appointment of a committee of the property located in this State is granted.

Settle order.