**Peter J. HELLEBRAND, Plaintiff,**
v.
**Emmett F. HOCTOR, Defendant.**
**No. 63 C 142(2).**

United States District Court
E. D. Missouri, E. D.
Aug. 29, 1963.

Forrest Boecker, St. Louis, Mo., for plaintiff.

Adolph K. Schwartz, St. Louis, Mo., Taylor Smith, Jr., Farmington, Mo., Thomas F. Eagleton, Atty. Gen. of Missouri, Clyde Burch, Asst. Atty. Gen., of Missouri, Jefferson City, Mo., for defendant.

MEREDITH, District Judge.

Plaintiff is a former patient of the Missouri State Hospital No. 4 at Farmington, Missouri, of which defendant is the Superintendent. In substance, the petition alleges that plaintiff, a citizen of Michigan, was falsely imprisoned through his involuntary confinement in the hospital by defendant, a citizen of Missouri, and that defendant assaulted plaintiff by causing him to undergo involuntarily electric shock treatments. Defendant has moved to dismiss the petition upon various grounds separately discussed herein.

█ █ Upon defendant's challenge of jurisdiction based on diversity of citizenship, plaintiff has submitted an affidavit that he has been a resident of Michigan since August 11, 1962, and it is his intent to continue indefinitely as a resident and citizen of Michigan. The diverse citizenship required for federal jurisdic-

tion is determined as of the time the complaint is filed. We are of the opinion and hold that the jurisdictional allegation is sufficiently supported by plaintiff's affidavit regarding his domicile and this Court has jurisdiction.

■ Defendant's contention that the action is barred under the doctrine of res adjudicata for the reason that an identical complaint filed in this Court on July 24, 1962, was dismissed for plaintiff's failure to support his jurisdictional allegation, is without merit and will be overruled.

■ On the issue of plaintiff's legal capacity to sue, defendant has offered a verified copy of an order of the Probate Court for the County of Macomb, State of Michigan, appointing a guardian for plaintiff on December 15, 1958. Plaintiff concedes that this order is still in effect and in opposition to the order offers the petition of Robert E. Spier filed in the Michigan Probate Court proceeding seeking an appointment of a guardian of the estate of plaintiff together with the order of the Michigan Probate Court for a hearing and the sworn proof of service which was made by defendant delivering to the plaintiff, while in the Missouri hospital, the order for personal service and notice of the hearing for the appointment of guardian of estate of the plaintiff. In short, defendant claims lack of capacity to sue based on the Michigan appointment of a guardian and plaintiff asserts the guardianship order is void on its face. Under Rule 17(b) of the Federal Rules of Civil Procedure capacity to sue or to be sued is to be determined by the law of the state of the individual's domicile.

First, as to the question raised by plaintiff as to the validity of the guardianship proceedings. The record before this Court of the Michigan proceedings does not show that the order on its face is void on plaintiff's theory that he was not domiciled in Michigan at the time of the hearing and order. The fact that the petition for appointment of guardian recites that plaintiff at the time was a resident and patient of the Missouri State Hospital at Farmington, Missouri, does not establish that plaintiff was domiciled in Missouri rather than Michigan. Further, apart from that record, plaintiff's petition herein and his affidavit in support of his jurisdictional allegation suggest that plaintiff may have been domiciled in Michigan throughout the period in question for the petition states in paragraph 6 that by reason of the alleged false imprisonment plaintiff lost his employment as a tool and diemaker in Detroit, Michigan, suffering loss of earnings of $167.00 a week from January 16, 1958. While in his affidavit plaintiff states that he was a resident of Michigan until shortly after Thanksgiving Day, 1957, when he moved to DeSoto, Missouri, and resided with relatives, there is no suggestion that when he moved to DeSoto, Missouri, he intended to remain in the State of Missouri. Thus, his conclusion in the affidavit that he was a citizen and resident of Missouri from commencing after Thanksgiving Day, 1957, until he returned to the State of Michigan on August 11, 1962, is a mere conclusion. Further, it appears under Michigan statutes that the judge of a probate court may appoint guardians in all proper cases not only for inhabitants and residents but also for those who reside without the state and have any estate within the county. Mich.Stat.Annot. § 27.3178 (201), Comp. Laws 1948, § 703.1.

■■ We leave open for further consideration, if needed, the question of whether the guardianship order was for the estate or the person, or both, for while the order appoints a guardian, the petition for appointment and the notice of the hearing served on plaintiff refer only to the guardianship of the estate of plaintiff. See Griffin v. Larwell, 148 Mich. 516, 111 N.W. 1089; In re Thorne, 307 Mich. 659, 12 N.W.2d 445; In re Bassett, 68 Mich. 348, 36 N.W. 97. It is enough here to assume the validity of the Michigan proceedings appointing a guardian for the real crux of defendant's motion on this ground is the effect of the *guardianship on plaintiff's capacity*

to sue under Michigan law. The circumstances of a person under guardianship as insane does not take away his legal capacity to be sued, Ingersoll v. Harrison, 48 Mich. 234, 12 N.W. 179, nor apparently does it have a conclusive effect on his capacity to sue for the reason that the object is only to protect the costs of a defendant in case he prevails, Graham v. Nippress, 222 Mich. 386, 192 N.W. 683. See also 1962 Mich.Stat. Annot. § 27A.2415, Pub. Acts 1961, No. 236. It also appears that under some circumstances Michigan looks to the law of the state wherein the alleged insane plaintiff was hospitalized and released to determine his legal capacity, Norris v. Norris, 342 Mich. 83, 69 N.W.2d 208, cert. den. 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793. While the cases cited are not on all fours with the instant facts, we think they strongly suggest together with the incomplete development of the facts that may have a bearing on this question that defendant's motion based on lack of capacity to sue should be overruled.

■■ Defendant also asserts that the action is not maintainable against defendant for the reason that his actions, as Superintendent of the Missouri State Hospital at Farmington, Missouri, are protected under the doctrine of sovereign immunity. Defendant is here sued as an individual and thus we are not of the opinion that the doctrine of sovereign immunity is strictly applicable. However, the petition alleges that at all times mentioned in the complaint the defendant was the Superintendent of the Missouri State Hospital No. 4 at Farmington, Missouri. The defendant is a public officer and improper action will not be presumed. In re Moynihan, 332 Mo. 1022, 62 S.W.2d 410, l. c. 419, 91 A.L.R. 74. Paragraph 3, which is the foundation of the complaint, alleges that

"On or about January 16, 1958, defendant caused plaintiff to be involuntarily confined in said hospital, an institution for the care and treatment of insane persons, without due process of law, such involuntary confinement continuing until on or about May 2, 1962."

Under relevant Missouri statutes, provisions are made for involuntary confinement for mental disorders and the superintendent of a state hospital would be under a duty to admit and treat such persons. Although recognizing that under the liberal rules of federal procedure, the allegation in paragraph 3 that the confinement was "without due process of law" technically results in a statement of a claim, still we are of the opinion that the claim should be more specifically stated in this instance where defendant is not liable unless he is acting without the scope of his authority as a public officer. For the principle involved, see Gibson v. Reynolds, et al., (C.A. 8th) 172 F.2d 95. We have concluded that under the circumstances the motion to dismiss based on defendant's status as a public officer should be treated as a motion for a more definite statement and as such would be sustained as to the allegation in paragraph 3 of the complaint that the involuntary confinement was "caused" by defendant "without due process of law", if it were not necessary to dismiss the complaint on another ground.

■ Defendant also asserts that a claim has not been stated for the reason that the complaint on its face is barred by the Missouri Statute of Limitations. The applicable limitation period for this petition which alleges false imprisonment and assault is two years provided by Mo. R.S. § 516.140, V.A.M.S. No other allegations appearing that would operate under Mo.R.S. § 516.170, V.A.M.S., to toll the two year period, the claim filed on April 18, 1963, for alleged false imprisonment commencing on January 16, 1958, and resultant alleged assault of March 7, 1958, accrued as of these dates and is untimely filed and barred by Mo.R.S. § 516.140, V.A.M.S. This ground has been thoroughly explored and settled by Woodruff v. Shores, 354 Mo. 742, 190 S. W.2d 994, 166 A.L.R. 957. See also Devault v. Truman, 354 Mo. 1193, 194 S.W. 2d 29. The motion to dismiss on the

ground that it fails to state a claim for the reason that the complaint shows on its face that it is barred by the statute of limitations will be sustained with leave to the plaintiff to file an amended complaint to come within the views herein expressed if the facts so permit.