Joseph P. Kuszynski, J.
In this CPLR article 78 proceeding, petitioner, Duane Carey, seeks to overturn the suspension order which bars his further attendance during the present school year at the Cuba Central School.
The event chronology giving rise to his suspension indicates he was temporarily suspended by the Supervising Principal of the Cuba Central School District on February 25, 1977. Pursuant to section 3214 (subd 3, par c) of the Education Law, a hearing was then held on March 4, 1977, which resulted in a "permanent” suspension order which, however, by its terms was stayed upon the condition that petitioner would conduct himself in accordance with a "contract of deportment”, which he agreed to sign. Subsequently, on April 18, 1977, he was suspended again because of an alleged violation of this "contract of deportment”, in that he had absented himself without a valid reason on April 7, 1977. Another hearing was held on May 4, 1977 affirming the action taken on April 18, and ordering his permanent suspension during the present year but granting him leave to apply for readmission after August 1, 1977. This suspension was stayed by an order of this court (Serba, J.) and petitioner has continued his attendance at the respondent school during the pendency of this proceeding.
Petitioner sets forth numerous objections to the manner in which the hearing of March 4, 1977, the suspension of April 18, 1977 and the hearing of May 4, 1977 were conducted and requests that the determinations made, be nullified.
As a preliminary, this court concludes that this matter is properly before it because an exhaustion of administrative remedies is not required if only questions of law are present. In such instances judicial intervention may be sought at any time. (Matter of City Title Co. v Orgel, 205 Misc 1076; 1 NY Jur, Administrative Law, § 171.)
Petitioner maintains that a critical due process question exists with respect to the notice given him of the March 4, 1977 hearing upon which the order expelling him is grounded. It was held upon less than one day’s notice during which he was not represented by counsel. Both parties agree that petitioner was notified in the evening of May 3, 1977 that the *52 hearing would be held the following day, May 4, 1977 at 5:30 P.M.
A reasonable notice of a fair hearing is required under section 3214 (subd 3, par c) of the Education Law. Notice is an absolute fundamental of due process. (16A CJS, Const Law, § 569, subd [4].) The requirements of an adequate notice vary in proportion to the circumstances of the event and are to be determined within the sound discretion of the court. (Matter of Ryan, 180 Misc 478, affd 267 App Div 861, mot for lv to app den 267 App Div 902, mot to app dsmd 292 NY 715.) Upon a review of the present case in general and the transcript of the March 4, 1977 hearing in particular, it must be concluded that the notice given to petitioner was insufficient as a matter of law.
Moreover, section 3213 (subd 3, par c) of the Education Law makes available to a student the right to counsel at such hearings. Although belatedly mentioned, the transcript shows the petitioner was concerned over the need of counsel and his lack of time to secure one. The notice, so short in time, did not provide adequate opportunity for petitioner to obtain counsel.
This court remands the matter in review to the Allegany Board of Education for a new hearing upon adequate notice to petitioner.
As a guide for a "fair hearing” this court makes note of some possible problem areas. Although the notice to petitioner was for the most part sufficient as to form, subdivision (a) thereof should more clearly allege the facts upon which it is based, not merely who observed the allegedly wrongful actions. While the conduct of respondents’ attorney at the hearing was probably within the guidelines of due process, at least for the appearance of fairness, it would have been more proper for him to aid the hearing officer only when requested to do so, and also not to be present during the deliberations of the board.
For the most part, petitioner’s allegations of extraneous evidentiary material having been admitted at the hearing are without merit as almost all the material was correspondence dealing directly with the alleged violations. Apparently inadvertently, however, mentioned were incidents as to which petitioner had not been noticed. Safeguards should be provided against the introduction of such evidence at the rehearing. (See Matter of Grandal, 11 Ed Dept Rep 144.)